## LOVINA LAUGHLIN *versus* SEWALL EATON *& al.*

Admissions of marriage, by the plaintiff, are competent evidence in support of a plea in abatement for the non-joinder of her husband.

The well established doctrine of the common law, that a married woman cannot sue alone for malicious prosecution, has not been changed by R. S., c. 61.

She cannot sue alone in such action, although her husband went, several years since, to California, but is alive, keeps up a correspondence and frequently sends her funds.

What facts are sufficient to authorize the inference of marriage to support a plea in abatement for non-joinder of husband.

ON EXCEPTIONS from *Nisi Prius*, DICKERSON, J., presiding.

CASE for malicious prosecution.

*L. Clay*, in support of the exceptions.

Positive proof of marriage essential. 2 Greenl. on Ev., §§ 461–2–3. Dilatory pleas to be construed most strongly against defendant. 1 Chit. on Pl., 544, Story's Pl., title Pleas in abatement. Husband need not join, when he has no personal interest, or is out of the jurisdiction. 1 Chit.

on Pl., 541–2; *Nye* v. *Spencer*, 41 Maine, 272; R. S., c. 61; Pub. Laws of 1862, c. 148; Oliver's Prec., 70; *Gregory* v. *Paul*, 15 Mass., 30; *Walford* v. *Duchess of Pienne*, 2 Esp. R., 554; *Carroll* v. *Blencow*, 4 Esp. R., 27; *Rangler* v. *Hummell*, 37 Penn., 130; 3 & 4 Will., c. 42, § 11; Stephen's Pl., 49–50.

*Kempton*, for the defendants.

BARROWS, J. — To this action for malicious prosecution upon a charge of adultery, the defendants seasonably pleaded in abatement the coverture of the plaintiff. Plaintiff replied denying the coverture and tendering an issue to the country, which was joined by defendants, and the case was submitted to the presiding Judge to be decided without the aid of a jury upon an agreed statement of facts, the more important of which are as follows :— The plaintiff's maiden name was Lovina Wight. She was a native of Vienna, in this county where her parents still reside. After an absence at service for two or three years she returned to Vienna in 1851 or 1852 with John Laughlin, whom she introduced as her husband, and who called her his wife. She said they were married, and thereafterwards they lived and cohabited together as husband and wife, having several children, one of whom is now living and with her. Since the reputed marriage she has assumed the name of Laughlin, and she and her children are known by that name. Six or seven years ago Laughlin went to California, where he was seen a few months since by a man who knew him here. Since he went thither he and the plaintiff "have kept up a correspondence as husband and wife, he sending her funds quite often."

It was agreed, that, if the foregoing facts are admissible and competent to prove a marriage, or if a marriage may be inferred from them, and, "if they are in law sufficient to sustain the plea in abatement," the issue was to be found for the defendants — otherwise, for the plaintiff.

The presiding Judge found for the defendants, sustained

the plea and ordered the writ to be abated, to which order plaintiff excepts.

In this State, evidence of such admissions of marriage as this plaintiff appears to have made is competent even upon an indictment for adultery. *State* v. *Libby*, 44 Maine, 469, and cases therein referred to. In the absence of any controlling proof no one can hesitate to say that, as against her, a marriage is proved, and the other admitted facts sufficiently show the continuance of the coverture. In addition to these admissions of the plaintiff herself, we have, in the statement of facts, evidence of common reputation, — long continued cohabitation, — birth of children, — claim and recognition of right to support, and " correspondence as husband and wife," (whatever that may mean,) from all which, upon an issue of this description in a civil suit, a marriage may well be inferred, though they would not be competent evidence to support a criminal prosecution. That this woman, whose maiden name was Lovina Wight, and who prosecutes this action by the name of Lovina Laughlin, is the lawful wife of the still living John Laughlin, to whom she said she was married, there can be no manner of doubt, taking into consideration the additional fact that she, though a competent witness, does not offer herself to deny it, and it only remains to be determined whether "the facts proved are sufficient in law to sustain the plea in abatement."

The well known general doctrine of the common law is, that where a wrong is committed against the person of the wife during coverture, as by beating her, slandering her reputation, or by malicious prosecution, she cannot sue alone. For injuries to the wife occasioning to the husband a deprivation of the society of his wife, or of her assistance in his domestic affairs, or by which he is put to expense, he may have his separate action, as where a violent battery has caused a long continued illness of the wife or expense in her cure, or if she be maliciously indicted and thereby separated from him, or he put to expense in her defence. But, if the action is brought for *her* personal suffering and injury,

the husband and wife must join, and care should be taken not to include in the declaration a statement of any cause of action for which the husband alone would be entitled to recover. 1 Chitty's Pl., 46, 47, 61. *Horton & ux.,* v. *Byles,* 1 Siderfin, 387; *Russell & ux.* v. *Corne,* 1 Salkeld, 119; *Hyde* v. *Scyssor,* Cro. Jac., 538.

When an injury is done to both, as slander or battery of husband and wife, separate actions must be brought, one by the husband alone for the injury to him, and one by the husband and wife for the injury to her. If both causes of action are joined it is error. *Ebersoll* v. *Krug & ux., in error,* 3 Binn., 555. There is nothing in this case which brings it within any known exception to the general rule above stated. John Laughlin has not been banished or abjured the country, or deserted his wife and gone beyond seas. So far as appears, he is still in frequent communication with her, supplying her with funds and only temporarily, though long absent.

In *Gregory* v. *Paul,* 15 Mass., 30, cited for plaintiff, the wife of a foreigner, deserted by her husband in a foreign country, who had thereafter maintained herself as a single woman, and lived for five years in Massachusetts, her husband never having been within the United States, was holden competent to sue as a *feme sole.* Sec. 10, chap. 61, of the R. S. of 1857, embodies the doctrine thus laid down, with some additions, as the law of this State. It is unnecessary to contrast the case of *Gregory* v. *Paul* with the one at bar, or to consider further under what circumstances the absence of the husband from the State will excuse his nonjoinder in a suit of this description.

Nor do our other statutes authorizing married women in certain cases to maintain suits as if sole, enlarge the plaintiff's rights in a suit like this. Under § 3, c. 61, a married woman, may, if she pleases, prosecute suits at law or in equity for the preservation and protection of her property as if unmarried, and may maintain an action in her own name

to recover the wages of her personal labor, not performed for her own family.

But it was determined by this Court, in *Ballard & ux.* v. *Russell*, 33 Maine, 196, that the statute enabling her to sue for the preservation and protection of her property did not extend to rights of action for tort to the person.

The plaintiff's counsel urges that, if enabled to sue in her own name, without joining her husband, for the protection of her property, much more ought she to have that power for the protection of her liberty and reputation, when her husband is out of the jurisdiction, or his consent cannot be had to join in the suit.

The argument would be appropriately addressed to the Legislature.

The present state of the law requires that the entry in this case should be                    *Exceptions overruled.*

APPLETON, C. J., KENT, WALTON, DICKERSON and DAN-FORTH, JJ., concurred.