## Amelia Berger v. John C. Jacobs.

*Married women: Action for personal injuries.* Under the statute of this State,— *Comp. L.*, § 3292,—a wife may maintain an action in her individual name, without joining her husband, for an assault committed on her. Damages for such injuries, when recovered, will become her individual property, which she can release before judgment, or appropriate afterwards. For the injury sustained by the husband, for loss of service, etc., he can maintain an action in his own name. .

*Heard July 7. Decided July 12.*

Error to Wayne Circuit.

This was an action on the case brought by Amelia Berger in the Circuit Court for the County of Wayne against John C. Jacobs for an assault and battery committed by the defendant upon the person of the plaintiff, who was, at the time the cause of action arose, and so continued to be up to the time of the commencement of the action, a married woman. The defendant pleaded the general issue.

On the trial, the question, which is brought into this Court for review, was raised by the request of the defendant to the Court to instruct the jury that the plaintiff, being a

married woman, could not maintain this action without joining her husband as co-plaintiff. The Circuit Judge so charged; to which the plaintiff excepted. A verdict was taken for the defendant, and the judgment entered thereon is brought into this Court by writ of error.

*S. Larned* and *F. A. Baker,* for plaintiff in error.

I. When a *feme covert* in an action *ex delicto* has no interest whatever in the subject matter of the action, and consequently ought not to be made a party, and she sues either with or without her husband, the defendant will obtain a non-suit on the trial. But where the *feme* was legally interested before or during her coverture, in the subject matter of the action, and might properly join with the husband, but sues alone, her coverture can only be pleaded in abatement, and cannot be given in evidence under the general issue.—*1 Chitty on Pleadings, 75 : 449; Coan v. Bowles, Carthew, 123; Milner v. Milner, 3 T. R., 627; Bates v. 'Stevens, 4 Vermont, 545.* In the case at bar, the legal interest in the damages sought to be recovered was in the plaintiff,—the only objection to her suing alone being that she was under a disability.—*Everts v. Everts, 3 Mich., 580.*

But even if the husband had been jointly interested with his wife in the subject matter of the action, still the ruling of the Court below, was erroneous; for it is well settled that in actions *ex delicto,* and which are not for the breach of a contract, if a party who ought to join be omitted, the objection can only be taken by plea in abatement, or by way of apportionment of the damages on the trial; and the defendant cannot, as in actions in form *ex contractu,* give in evidence the non-joinder, as a ground of non-suit, under the plea of the general issue.—*1 Chitty on Pleadings, 66; Frazier v. Spear, 2 Bibb, 385; Gilbert v. Dicker-*

*son*, 7 *Wend.*, *449*; *Pickering v. Pickering*, 11 *N. H.*, *141*. But in actions *ex contractu*, as well as in actions *ex delicto*, the only consequences of a mistake in the proper parties in the case of *baron* and *feme*, are, that when a married woman might or should be joined in the action with her husband, but sues alone, the objection can only be pleaded in abatement.—*1 Chitty on Pleadings, 33; Newton v. Robinson, 1 Taylor, (N. C.) 72; Morgan v. Painter, 6 T. R., 265.*

II. We have seen that even at common law the ruling of the Circuit Judge was erroneous; but we also call the attention of the Court to the question as affected by the Married Women's Act of 1855, sec. 3 of which allows them to maintain actions *relating to their sole property*, in their own names.—*Comp. Laws*, § *3294.*

Property in chattels personal may be either in possession or in *action.—3 Bl. Com., 388.* The only question, therefore is, whether the damages recoverable in a civil action for an assault and battery, are a chose in action, so as to be a personal chattel, or, in other words, personal property. It seems that Blackstone was of the opinion that all property in action depends entirely upon contracts either express or implied—*3 vol., 397*; but Chief Justice Sharswood, in his edition of Blackstone's Commentaries, appends the following note: "It is certainly an error to say that all property in action depends upon contracts express or implied. There is a very large class of choses in action which arise *ex delicto.* My claim to compensation for an injury done to my *person*, reputation, or property, is as truly a chose in action as where it is grounded on a breach of covenant or contract. It is true that, in general, an action for a tort to my person or reputation, if not prosecuted to judgment in the lifetime of the parties, dies,—*actio personalis moritur cum persona;* but as to torts to the property by

various statutes generally adopted in the United States, it is not so."

In Michigan we have not only statutes similar to those above mentioned, but also a statute by which actions of assault and battery and false imprisonment survive to a person's executors and administrators.—*Comp. Laws*, § *4208; Gillett v. Fairchild, 4 Denio, p. 80.*

The damages occasioned by an assault and battery being property, the only remaining question is, whether they are, when sustained by a married woman, *her sole property*.

Section 1 of the act of 1855 provides " that the real and personal estate of every female acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or *in any other manner*, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations and engagements of her husband," etc.—*Comp. Laws*, § *3292.*

*H. M. Cheever*, for defendant in error.

Can an action of trespass for an assault and battery committed upon a wife during coverture, be maintained in the name of a *feme covert*, without joining the husband? This is the only question presented by this case.

At common law, no action can be supported by a married woman without joining her husband. When an injury is committed to the person of the wife *during coverture*, by battery, etc., the wife cannot sue alone in *any* case, and the husband must join if the action is brought for the personal suffering or injury to the wife. If the husband die before judgment the damages survive to the wife.—*1 Chitty's Pl., 83; Everts v. Everts and wife, 3 Mich., 581.* If the battery deprived the husband of the

wife's company or assistance, of course he must sue alone, but in no event could the wife alone maintain the action.

But it may be claimed the coverture should have been pleaded in abatement. We insist that the general rule that in torts the non-joinder of a co-plaintiff must be pleaded in abatement, has no application to a case where the party suing has *no legal interest in her own right* in the subject matter of the action.

The effect of marriage at common law was to create *one* person of the husband and wife.—*Co. Litt.,* *112 a; 1 Bl. Com., 442.* The coverture was a transfer to the husband of person, property and actions. The wife *alone* had no legal existence. The husband remained *sui juris,* to the same extent as before marriage. An injury to the *person* of the wife then, during coverture, was an injury to the husband, as the only person known to the law. A right of action was in *him alone: First.* For all injuries which deprived him of her society, help or labor. *Second.* For all injuries which compelled him to incur expense for her recovery or nursing, and by joining *her* in the action. *Third.* For injuries to her person which did *not* involve either loss of service, society, or expense on her account. So we say an objection that the husband ought to have been joined is one which goes to the right of action in the one who *does* sue, and it is not necessary to plead it is in abatement.—See *1 Chitty's Pl., 83.*

And there is nothing in the statutes relative to the rights of married women, which changes the common law so as to permit her to sue alone.

CHRISTIANCY, J.

The only question in this case is, whether an action of trespass for an assault and battery committed upon a wife, can be maintained by her during coverture without joining the husband as co-plaintiff.

At common law all the wife's choses in action, if reduced to possession during the coverture, belonged to the husband, though on the death of the husband before being recovered by him, they survived to the wife. And in an action like the present, the damages, when recovered, would have belonged to him. But this was also the case with reference to bonds and other rights or choses in action due to the wife before marriage, or accruing to her afterwards during the coverture. But the wife was required to be joined as a co-plaintiff in all cases both of tort and contract, in which, if the husband should die, the right of action would survive to the wife. And as the damages in the case of an assault and battery would survive to the wife, upon the death of the husband before their recovery, the husband could not sue alone for the personal suffering or injury to the wife, and the declaration was required to conclude to *their* damage and not to that of the husband *alone.*— *Chitty's Pl.,* 73.

In such a case, therefore, the action, though it could not be brought in the name of the wife alone, yet was *in her right* to the same extent, and for the same reason, as in actions for the recovery of mere debts and other choses in action which became due to her before marriage.

By the first section of our statute in reference to "the rights of married women" (*Comp. L.,* § *3292*), "The real and personal estate of every female acquired before marriage, and all property real and personal to which she may afterwards become entitled by gift, grant, inheritance, devise or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her in the same manner and with the like effect as if she were unmarried."

We think within the fair intention of this section, the

right to recover damages for her personal injury and suffering from an assault and battery committed upon herself, should be placed upon the same ground as choses in action or pecuniary claims, or rights accruing to her during the coverture; that such damages when recovered would, under this statute, constitute a part of her individual property. She could therefore, we think, release such damages, before or after action brought, or appropriate or convey them when recovered, in the same manner as if unmarried; and the husband has no right in, or control over, the action. And under the third section of the statute, we think she is clearly entitled to maintain the present action in her own name.   But, on the other hand, for any damages accruing to the husband from the assault and battery upon the wife, as for loss of her assistance and society and the expenses to which he may have been put in nursing and curing her, he alone could sue.   .

We think, therefore, the Circuit Court erred in holding that the present action could not be sustained in the name of the wife alone.

The judgment must be reversed with costs, and a new trial awarded.

The other Justices concurred.