FURNISH v. THE MISSOURI PACIFIC RAILWAY COMPANY,
*Appellant.*

DIVISION ONE.

1.  **Negligence:** LOSS BY HUSBAND OF SOCIETY OF WIFE.  A husband is entitled to compensation for the loss of the society of his wife caused by the negligence of another.

2.  ———— : ————.  The husband is entitled to his wife's society as she was at the time when such negligence impaired her health, strength and usefulness as a helpmate, and any diminution of her capacity for usefulness, aid and comfort as a wife constitutes a basis for compensation for damages.

3   ———— : EVIDENCE OF VALUE OF WIFE'S SOCIETY.  It is not necessary in such action for the husband to offer direct proof of the value of the wife's society.

4.  ———— : ———— : VERDICT WHEN NOT EXCESSIVE.  Where in such case it appears that the husband expended over $800 in the necessary treatment and care of his wife to the time of the trial, and that since the injury she has been wholly disabled from doing any household duty, or from being of any aid or assistance to the husband, a verdict for $5,000 will not be interfered with in the supreme court as excessive.

*Appeal from Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

THIS action was brought by William S. Furnish to recover damages sustained by him in the matter of expenses incurred in medical attention and nursing, and in being deprived of the companionship, comfort, solace and society of his wife, who sustained injuries while a passenger on one of appellant's cars.

It appeared that in February, 1886, she took passage on an accommodation train consisting of a locomotive and tender, a baggage car and two passenger cars, at Independence, Missouri, to go to Kansas City; that, when the train arrived within a mile and a half of Kansas City, the locomotive and all the cars ran off the track on an embankment, and after leaving the rails the train tipped over and "rested upon its side." Plaintiff's evidence tended to prove that at the point where the locomotive left the track a number of ties were broken off and splintered; that some were decayed and rotten; and that the tire of one of the drive wheels, which had shortly before the accident been replaced thereon, was three-eighths of an inch thicker than the one on the companion drive wheel, and that the difference in thickness had been called to the attention of appellant's assistant master mechanic, while the locomotive was in the repair shops, shortly before the accident; that the south rail, at the point where the locomotive ran off the track, was bent inwardly toward the north rail, with both of the ends attached to the other rails.

The defendant's evidence tended in some particulars to contradict that of plaintiff concerning the condition of the track and on other points.

The evidence as to the injury to Mrs. Furnish was, that, after the car in which she was riding was derailed, she was found lying in the top of the car with her feet

through a window and a cushion across her face; that she was taken out of the wreck, placed upon some cushions, and was taken to a hotel in Kansas City, where she remained for twenty-five days.

The nature and duration of her ensuing illness was described in this case substantially as in the action brought on her behalf and previously reported, *ante*, p. 438; 13 S. W. Rep. 1044.

It appeared among other facts that Mrs. Furnish was about fifty-two years old and had enjoyed good health before the accident; that plaintiff spent $857 in actual outlays for medical services, hotel bills, etc., in consequence of it, and for some time was in constant attendance upon her; that she could not be removed to her home until twenty-three days after the injury and was taken there then with difficulty and was confined to her bed for seven months and required plaintiff's care one half the time by day, and that he was obliged to sit up with her frequently at night; that since the accident she had been unable to attend to any household duties and was yet unable to walk at the time of the trial, and in the opinion of her physician probably would not be able to walk for four or five years.

Upon the issue of defendant's alleged negligence the court instructed the jury to the same effect in all substantial particulars as in the former case of *Furnish v. Railroad*, *ante*, p. 438; 13 S. W. Rep. 1044.

On the question of the amount of the recovery the court gave these instructions:

"9. The jury are instructed that, even if you find for the plaintiff, you will not allow him any damages on account of the loss of the services of Mrs. Martha Furnish, if you believe he has lost her services; neither for the time that has elapsed since the accident to the present time, nor for any loss of her services that may occur in the future, by reason of any injuries that she may have received by reason of the derailment of the train in question.

"10. The court instructs the jury that if they find for the plaintiff, they should only assess his damages at such sum as shown by the evidence will compensate him for the *loss of society and companionship of his wife and for his own necessary and personal care and attention to her, if any, and the* expenses he has necessarily incurred in taking care of his wife, from the time she was disabled to the present, on account of the injury she sustained by reason of the accident complained of, including compensation for doctor bills, costs of medicine and nursing, and attention directly resulting from the injury; and the jury are instructed that plaintiff is not entitled to recover punitive or exemplary damages in this case."

The former instruction was not excepted to. The latter was given by the court of its own motion in modification of a request by defendant for the same instruction without the words which are italicized and which the court added against defendant's objection and exception.

The jury found for plaintiff in the sum of $5,000 on which judgment was entered and after the usual motions defendant appealed.

The other essential facts are stated in the opinion.

*Adams & Buckner* for appellant.

(1) Instruction, numbered 1, given for respondant was erroneous. The jury were not told in said instruction, what, under all circumstances of the case, was the legal meaning of the words, "utmost human skill, diligence and foresight," and they were misleading and the instruction erroneous. *Dougherty v. Railroad*, 97 Mo. 647. The legal meaning of the words should have been explained to the jury by the court. *Stewart v. City*, 79 Mo. 683; *Wyatt v. Railroad*, 62 Mo. 408; *Nagel v. Railroad*, 75 Mo. 653; *State to use v. Estel*, 6 Mo. App. 6; *Digby v. Ins. Co.*, 3 Mo. App.

603 ; *State to use of v. Laurie*, 1 Mo. App. 376. And, although their meaming was attempted to be explained in the second instruction given for plaintiff, it was calculated to mislead and confuse the jury and should not have been given. *Donahue v. Railroad*, 83 Mo. 560 ; *Chouteau v. Iron Works*, 82 Mo. 73 ; *Greer v. Parker*, 85 Mo. 117 ; *Jones v. Talbott*, 4 Mo. 279. ( 2 ) This instruction was not cured by the court instructing the jury as to the care and caution which the defendant company should exercise, under similar circumstances, as explained in the instructions given for defendant. *Goetz v. Railroad*, 50 Mo. 472 ; *Welsh v. Railroad*, 20 Mo. App. 477 ; *State to use v. Laurie*, 1 Mo. App. 376 ; *Mfg. Co. v. Hudson*, 6 Mo. App. 145 ; Rorer on Railroads, sec. 11, p. 955, and cases there cited ; *Meer v. Railroad*, 64 Penn. St. 225 ; *Taylor v. Railroad*, 48 N. H. 304 ; *Tuttle v. Talbot*, 23 Ill. 357 ; *Railroad v. Halloran*, 53 Texas, 46 ; *Sweetland v. Railroad*, 102 Mass. 276 ; *Tuttle v. Railroad*, 48 Iowa, 236 ; *Railroad v. Boyd*, 65 Ind. 526. ( 3 ) Instruction, numbered 3, given for plaintiff is erroneous : *First.* Because it authorizes the jury to allow such damages as will compensate him for any loss of the " comfort and society " of his wife. Such elements of damages are not allowed. Such damages only can be allowed in this action as are capable of exact ascertainment, such as cost of cure, nursing and loss of service. *Smith v. St. Joseph*, 55 Mo. 456 ; *Frick v. Railroad*, 75 Mo. 542 ; *Blake v. Railroad*, 18 Q. B. 93 ; *State v. Railroad*, 24 Md. 84–107 ; *Burk v. Railroad*, 10 Cent. L. J. 48. *Second.* The instruction, in so far as it relates to the " loss of the comfort and society " of his wife, is without any evidence to support it. There was no evidence that there was any loss of society or comfort. An instruction without some evidence on which to base it is reversible error. *White v. Chaney*, 20 Mo. App. 397 ; *Benson v. Railroad*, 78 Mo. 504 ; *Lester v. Railroad*, 60 Mo. 265 ; *Duke v. Railroad*,

99 Mo. 347. *Third.* The whole evidence in the case shows the plaintiff was not deprived of "the comfort and society" of his wife, and it does not follow, as a matter of law, that a person will be so deprived simply from the fact of being injured. When compensatory damages only are given, the recovery must be confined to the actual damages sustained. *Bridge Co. v. Schaubacker,* 57 Mo. 582. And when such damages are susceptible of proof with approximate accuracy, and may be measured with some degree of certainty, they should not be left to the guess of the jury, even in actions *ex delicto. Parsons v. Railroad,* 94 Mo. 286 ; *Pritchard v. Hewitt,* 91 Mo. 547 ; Thompson on Trials, sec. 2077 ; *Duke v. Railroad,* 99 Mo. 347. (4) The damages were excessive. *Blake v. Railroad,* 18 Q. B. 93 ; *Burk v. Railroad,* 10 Cent. Law Jour. 48 ; *State v. Railroad,* 24 Md. 84.

*Gates & Wallace* for respondent.

(1) The instructions upon the question of liability (numbered 1 and 2), which are complained of by the appellant, are the same as those in the suit of the wife (*Martha A. Furnish v. The Missouri Pacific Ry. Co.*), decided at the last term of this court. The complaints made now are the same as those made then, and the decision in that suit upon those questions is conclusive in this, both upon principles of *stare decisis* and *res adjudicata.* (2) These instructions cannot be objected to for the further reason that they contain the same rule as those asked by defendant. (3) Plaintiff's instruction, numbered 1, complained of by the appellant, correctly stated the law applicable to the case and its language has often been adopted by this court. The meaning of "utmost human skill, diligence and foresight" was correctly defined and explained to the jury in plaintiff's instruction, numbered 2. *Lemon v. Chanslor,* 68 Mo. 340 ; *Hipsley v. Railroad,* 88 Mo. 348 ; *Leslie v. Railroad,* 88 Mo. 50 ; *Gibson v. Railroad,*

76 Mo. 282; *Hulsenkamp v. Railroad*, 37 Mo. 537; *Waller v. Railroad*, 83 Mo. 608; *Kelly v. Railroad*, 70 Mo. 609; *Spohn v. Railroad*, 87 Mo. 74. The rule laid down in this instruction is also general and uniform throughout the United States. Thompson on Carriers of Passengers, p. 200; Rorer on Railroads, p. 949; Cooley on Torts, p. 642; 2 Kent, 602; Story on Bailment, sec. 601. (4) Damages are allowed for the loss of the aid, comfort and society of the wife, and also for the loss of the husband's time in attending upon the wife. It is not even required that the circumstances of the parties should be such that the wife is accustomed to perform household duties. Cooley on Torts, p. 226; 2 Rorer on Railroads, 1094–5; *Blair v. Railroad*, 89 Mo. 334; 3 Sutherland on Damages, pp. 723–724; *McKinney v. Stage Co.*, 4 Iowa, 420; *Mowry v. Chaney*, 43 Iowa, 609; *Jones v. Railroad*, 40 Hun, 349; *Baker v. Balton*, 1 Campbell, 493; *Hopkins v. Railroad*, 36 N. H. 9; *Rogers v. Smith*, 17 Ind. 323; *Phillippi v. Wolff*, 14 Abb. N. S. 196; 2 Thompson Neg., p. 1240; *Barnes v. Hurd*, 11 Mass. 59; *Smith v. St Joseph*, 55 Mo. 456; *Burger v. Jacobs*, 21 Mich. 45. (5) Evidence as to the nature and extent of the wife's injuries and her consequent disabilities and the extent and value of her husband's time in attending upon her is all that is required. These facts being given to the jury, they are as competent to estimate the damages as any witness. The opinion of witnesses as to the amount of damage to the husband would not be allowed. 1 Sutherland on Damages, pp. 782, 783, 794; *Stoher v. Railroad*, 91 Mo. 509; *Parsons v. Railroad*, 94 Mo. 286; *Grogan v. Foundry Co.*, 87 Mo. 321; *Nagel v. Railroad*, 75 Mo. 653; *Hurt v. Railroad*, 94 Mo. 255; *Ihe v. Railroad*, 47 N. Y. 317. (6) The damages were not excessive. This was a question for the jury, and their verdict will not be disturbed, unless it is certain that it was the result of passion or prejudice. *Sloan v. Railroad*, 1 Hun, 540; *Railroad v. Goodman*, 62 Penn. St. 329.

BARCLAY, J.—The evidence and instructions in this action, relating to the issue of defendant's negligence toward Mrs. Furnish as a passenger upon its railway, are in all material particulars identical with the evidence and instructions discussed in *Furnish v. Railroad*, *ante*, p. 438; 13 S. W. Rep. 1044. So far as concerns that branch of this case it is unnecessary to reiterate the rulings then announced.

Several other errors are now assigned, however, involving points not presented in that action but peculiar to this.

II. Defendant claims that the trial court erred by instructing the jury to allow plaintiff such sum as the evidence showed would compensate him for the "loss of society and companionship of his wife."

The objection is placed upon two grounds. It is first asserted that there was no loss to plaintiff of the society or companionship of his wife, because, though injured, she was yet with him and he therefore had the benefit of her society. But the answer to that contention is that, as her husband, he was entitled to her society as she was when the negligence of defendant impaired her strength, her health and her usefulness as a helpmate. Though he may still be with her and her companionship may be even more dear to him since her injury, because of her very helplessness and need of his attention, yet that does not diminish the legal wrong he has suffered from the acts which produced that condition. He is entitled to be compensated for such loss of her society as resulted from the negligence alleged.

By the term "society" in this connection, is meant such capacities for usefulness, aid and comfort as a wife, which she possessed at the time of the injury. Any diminution of those capacities, by the acts or negligent omissions of defendant, constituted a just basis for an award of compensatory damages therefor. *Maxson v. Railroad* ( 1889 ), 112 N. Y. 559 ; *Ainley v. Railroad* ( 1888 ), 47 Hun, 206 ; *Jones v. Railroad* ( 1886 ),

40 Hun, 349; *Blair v. Railroad* (1883), 89 Mo. 334; *Berger v. Jacobs* (1870), 21 Mich. 215; *Cregin v. Railroad* (1881), 83 N. Y. 595.

Next it is urged that, as no evidence was offered of the value of the wife's society, the instruction should not have been given.  To this it may be said that the nature of the subject does not admit of direct proof of value and that, when the fact of loss of society is established by testimony, the assessment of reasonable compensation therefor must necessarily be committed to the sound discretion and judgment of the triers of fact.

The trial court, by the instruction, numbered 9, excluded a recovery of any damages for loss of services of the wife, presumably because the court did not consider the petition as asserting any specific claim therefor.  Whether this ruling was correct or not need not be discussed as the plaintiff makes no complaint thereof.  But plaintiff's loss of society and companionship of his wife was expressly counted upon and submitted properly to the jury by the instruction, numbered 10, as a ground of recovery.

III.  It is further contended that the damages are excessive.  Plaintiff expended over $800 in the necessary treatment and care of his wife to the time of the trial, and it appears from the evidence that, ever since the accident, she has been totally disabled from doing any household duty or being of any aid or assistance to plaintiff as a wife.

In view of the facts of this branch of the case (outlined in the statement preceding this opinion) we are not prepared to say that the amount of the verdict is such as justifies the interference of this court.

No other errors in the record have been suggested and finding the assignments above discussed untenable it follows that the judgment should be affirmed.  It is so ordered, with the consent of all the judges of this division.