Mr. Justice James
delivered the opinion of the Court:
This is an action by husband and wife to recover damages for injuries done to the wife while a passenger on the defendant’s road, by means of the negligence of the defendant. The defendant pleaded, in bar to the action, as follows: “That at the date in the declaration mentioned of the supposed grievances laid to its charge, the plaintiffs were citizens of the State of Wisconsin, and were there resident and domiciled and have since continued to be and still are there resident and domiciled. That by the law of the said State of Wisconsin, at the date aforesaid and since and still prevailing, the plaintiff, Emeline Snashall, wife, as aforesaid, of Caleb Snashall, herein suing was and is capacitated to contract in respect of her separate property and estate and to bring and maintain an action in her own name for any injury to her person the same as if she were sole, and by said law any judgment in such action recovered is her separate property and estate. That on the date aforesaid, the said Emeline “ was absent from her home, to wit, from the city of Evansville, in the counly of Rock, in the State aforesaid, whence she had recently journeyed with the intent thither soon to return, and was present in the city of Washington, District of Columbia, and that thence, shortly thereafter, she returned to her said home; that after the date aforesaid, and before the commencement of this suit, the said 'Emeline Snashall, having the faculty of a feme sole to deal with her right to a compensation as damages for an *407 injury to her person, entered into a covenant with this defendant, whereby it is released from any actions or demands against it by reason of the premises; and the consideration of the said covenant, under her hand and seal, was accepted by the said Emeline in full satisfaction and discharge of the grievances in the said declaration mentioned,” etc.
To this plea the plaintiff demurred, stating one of his grounds as follows: “That, in advance of judgment, the.' laws of Wisconsin referred to in the plea are regulative of the remedy merely, and create no separate estate in the wife.” The demurrer was overruled, and judgment was for the defendant for costs. The case is now here on appeal.
While the plea sets up a capacity of the wife as belonging to her by the law of her domicile, it was also insisted at the argument that she had, even by the law of this District, a capacity to make the alleged contract.
Whether a married woman has such control over an action for injury to her person in this District, depends, of course, on her having a sole right of action in such cases, and that depends upon the construction of the Act of .1869, known as the Married Woman’s Act, now embodied in sections 727-730 of the Revised Statutes. It has been the practice, ever since that statute was passed, to bring such actions in the names of the husband and wife, and it has never been doubted by this court that the common law on that subject was still in force. But, as the question was seriously argued in this case, we have re-examined it, and have now to say that we are satisfied that the practice has been right.
A statute which deals only with the property of the wife, and with contracts “ having relation” to it, is not to be construed as intending to disturb the personal relations of husband and wife; and this common law right of the husband to sue, together with his wife,-for redress of a wrong done to her by slander, or by assault and battery, or by negligence, is based, not upon any technical considerations, *408 but upon his personal relation to her as her protector, and upon his ancient family dominion. Some of the States have thought fit to abolish this vestige of the marital relation, but they have done so by giving the wife a sole right of action in express terms. Until we have a similar-expression of the legislative will, we shall not supply the want of it by judicial legislation under the much abused pretext of “the spirit of the act.” Indeed, we perceive no temptation to use such power if we had it. It is familiar to all courts that an action for defamation is liable to be met by proof of the truth of the charge; and it is only lately that an action for injuries done to a woman by negligence was defended in this court on the ground that it was only a mishap caused by her own intoxication. Can anything be a matter of deeper concern to a husband or a family than the question whether an action shall be brought at all, when it is known that the good name of the wife and mother will be irreparably damaged in the contest? It would hardly seem to be selfish or tyrannical that the man who is bound to provide her a home should have the right to decide whether it shall be made still more wretched by a revelation of its sorrows, in the effort to obtain redress. And even if there were no such risks, there would be a risk of weakening the husband’s concern for the wife’s safety by setting her to fight her own battles and telling him that he is legally a stranger to them. Certainly a court should not bring on this risk by a strained construction of a statute.
As we find, then, that a married woman does not derive from our statute the capacity to sue in her own name for personal injuries, or capacity to make any contract relating to them, she is without any such capacity here, unless she can derive it from the law of her domicile. We proceed to that question.
The principles of private international law are, of course, a part of the common law of this District, and, according *409 to those principles, the law of the domicile of a person claiming to be owner of movable things is recognized and applied, so far as rights of proprietorship are concerned, by the law of the place where such movables may actually be. Inasmuch as an owner’s right to -remove such things from their actual situs to his domicile is recognized, they are necessarily treated, while here and not yet removed, as being in all other respects as much under his control as if he had first removed them and then exercised such control. This principle is ordinarily expressed by a somewhat unnecessary fiction, namely, that they are, in contemplation of law, whatever the actual fact may be, with the person of the owner, and therefore at his domicile and under its law. According to this principle, if, by the law of Wisconsin, certain movables belong to a wife, domiciled there, in the same absolute manner as if she were unmarried, that law must be applied here to any movables actually here. She has the right, separately from her husband, to remove them lienee to her domicile, to exercise over them while here every kind of proprietary control, and to bring or release actions for injuries done to them here. In a word, we must apply to all movables, to everything which may be removed by its owner from its actual situs to his domicile, and so far as relates to ownership, the foreign law which establishes his ownership.
Does this principle apply to a right of action for an injury to the person done in this District? Does it require us to regard a right of action for such a tort as being a movable, and therefore governed, as to its ownership, by the law of Wisconsin? .We think it does not, and that there is no analogy between the two subjects.
In the first place, a right of action for a personal injury has never been considered property within the meaning of private international law- — -and it is with that branch of the common law that we have to deal in -this case — certainly not as property in the sense employed in speaking of movables. We are aware that the Supreme Court of Michigan, *410 in Berger vs. Jacobs, 21 Mich., 215, and Leonard vs. Pope, 27 Id., 145, and the Supreme Court of Illinois, in Chicago, Burlington, &c., RR. vs. Dunn, 52 Ill., 264, held that such a right of action was property within the intention of statutes relating to the rights of married women ; but, even if we could concur in the views there expressed we should still hold that it would not follow that, in applying the-international law rule of domicile, a right of action for a personal injury was property within the meaning of that rule. It is interesting to observe that it has been held in the very State whose law is said to have given the status of property to a right of action for a personal tort, that no-such status can be imputed in the absence of an express provision of the statute. In Gibson vs. Gibson, 43 Wis., 23, the Michigan decisions above referred to were distinctly disapproved.
But, as we have said, it is not material whether these local statutes intended to treat such rights of action as property. The material question is, whether they are property within the intent of the rule of international law which declares that the ownership and control of personal property shall be according to the law of the owner’s domicile.
It is settled by the authorities which treat of domicile that this rule applies only to “ movables.” Now, if a local statute should declare something to be property, in the same sense that actual movables are property, clearly we are not required to concede that the rule of international law is thereby altered, and is extended to a subject to which it had not before extended. International rules are not affected by the separate action of one of the parties to them. Moreover, if this rule of private international law is part of the common law of this District, the local law of another country would, in order to bring under it any new subject, have to operate as an amendment of the law of this District-.
Whatever may have been the intent, then, of the statute *411 of Wisconsin which is set up in the plea, that statute does not operate on the principle of the international rule of domicile. As to its actual intent, we think that it did not propose, to convert the mere right of action into separate-property, but merely gave a sole remedy to the wife, and then provided that any judgment obtained by that remedy should be her separate property. But whether-it intended the one or the other is immaterial; it only had the effect to-give the wife control over the separate right furnished by itself, and had no effect whatever upon the right given by the law of this District to the husband as well as to the wife. She could release her separate Wisconsin remedy,, and its fruits, but only the husband could release the right given to him by our law to sue in the name and behalf of himself and his wife. So far as any action in this District,, for injuries occurring in this District, is concerned, her release was a nullity. She cannot interfere with what, by the law which operates on the subject here, does not belong to her, and will never belong to her, except in the contingency of her surviving her husband before judgment.
The demurrer is sustained, and the cause is remanded for further proceedings.