SELLECK, Respondent, vs. THE CITY OF JANESVILLE, Appellant.

*October 24 — November 24, 1899.*

*Municipal corporations: Defective sidewalk: Injury to married woman: Recovery by husband: Res judicata: Evidence: Opinions as to future medical attendance: Photographs: Care in employment of physician: Measure of damages.*

1. In an action to recover damages resulting to a husband from personal injuries to his wife, defendant's liability is not rendered *res judicata* by reason of a previous recovery by the wife for her own injuries, the husband not being a party to the former action and there being no privity between him and his wife as to the claim in the later suit.

2. Where, in an action against a city to recover for injuries caused by a defective sidewalk, the city had admitted notice of the actual condition of the walk, evidence of complaints to the street commissioner and an alderman concerning the condition of the walk

at the place in question, and of the introduction by the alderman of an ordinance requiring the walk to be repaired, etc., is inadmissible on the issue as to the existence of a defect; and its admission in this case is *held* a material error.

3. It was error in such a case to permit a medical expert to testify that plaintiff's wife would require medical attendance in the future, and to estimate the number of visits weekly that would probably be required.

4. Where photographs are not substantially necessary or instructive to show material facts or conditions, and they are of such a character as to arouse sympathy or indignation, or to direct the minds of the jurors to improper or irrelevant considerations, they should be excluded.

5. Where notice of the condition of a sidewalk claimed to have caused a personal injury is admitted, so that no proof thereof is necessary, no evidence as to its condition should be received which is too remote to bear on the question whether it was defective at the very time of the accident.

6. The "services" of the wife, for the loss of which the husband may recover, are not only such services as a hired domestic servant might perform, but also wifely services, such as are due from her, and include the idea of her society; and the measure of recovery is the value to him of such services, not merely their market value. *Keller v. Gilman*, 93 Wis. 9, distinguished.

7. Of a wife bedridden or compelled to move on crutches, suffering severe pain, and with shattered nerves, as the result of injuries, it cannot be said to conclusively appear that her ability is not impaired to render services and assistance, other than physical, to her husband, which would otherwise have been within her power.

8. A husband who used reasonable care in the employment of physicians to treat his wife for personal injuries is not responsible for their failure to exercise the highest skill and adopt the best means to effect a cure.

9. The husband may recover the value of his own services in necessary attendance upon his wife by reason of her injuries, but his recovery in that regard should be limited to the amount for which he could have hired reasonably competent attendance by others.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

Action to recover damages resulting to plaintiff, as husband, from personal injuries suffered by his wife on October

18, 1893, from an alleged defective sidewalk upon one of the principal streets of the defendant; the defect alleged consisting in a generally defective and rotten condition of planks and stringers, whereby the planks were loose, so that as plaintiff's wife was walking upon said sidewalk one of said planks was tipped up by another person stepping on the end thereof, her foot caught thereby, and she thrown to the ground, suffering a severe wrench of the ankle and foot, whereby ligaments were torn loose, resulting in a permanently disabled foot, twisted from its natural position, and incapable of use up to the time of the trial, November 28, 1898, and substantially certain to so continue through life. At the commencement of the trial, defendant was permitted to amend its answer so as to admit notice to the officers of the city of the actual condition of the walk. Plaintiff recovered, and defendant appeals, assigning very numerous errors, in the discussion of which such further facts as are material thereto will be mentioned in the opinion. Plaintiff's wife has already recovered her damages for the same injury, the judgment therefor having been affirmed by this court. 100 Wis. 157.

The cause was submitted for the appellant on briefs by *F. C. Burpee*, city attorney, and *Wm. Ruger*, of counsel, and for the respondent on the brief of *Fethers, Jeffris & Mouat.*

DODGE, J. 1. Counsel for plaintiff argues that the liability of defendant is *res judicata*, by virtue of a previous judgment recovered by plaintiff's wife for her own injuries. This contention has some support from decisions in states where the husband is a necessary party plaintiff to recover for the wife's injuries, and the damages therefor belong to him. Under such circumstances the argument in favor of the conclusiveness of the judgment is difficult to escape; but where, as in Wisconsin, he is not a party to such action and

not interested in the recovery, the reasons for conclusiveness all disappear. A judgment is conclusive only between parties and privies. The husband was, of course, not a party. His wife sued alone. Nor is there any privity between him and his wife as to his now asserted demand. The cause of action is not one which once belonged to her and has been transferred or transmitted to him.

2. Error is assigned for that, against objection, the court admitted in evidence: (a) The testimony of Hanthorn, street commissioner: "Complaints were made to me that the sidewalk was in bad condition; a number of complaints along in the summer,"— and that of Alderman Lutz: "Complaints about the walk were made to me some time about October 10, 1892." (b) Testimony of Alderman Lutz that he introduced a resolution to require a new walk as soon as the complaint was made, and records of common council to show introduction on October 10, 1892, of such resolution, and receipt of a communication October 24, 1892, from Tallman, the owner, stating that he intended to build in the spring, and asking delay till then. The issue as to whether the city had notice of defects, to which this evidence might have been relevant and competent, had been wholly eliminated by admission in the answer. As to the remaining issue, viz., existence of defects, it was wholly secondary and hearsay. The statements or complaints made by others to witnesses Hanthorn and Lutz out of court, and unsanctioned by oath, were incompetent, under the most elementary rules of evidence. The offering of a resolution by Alderman Lutz had no force or relevancy, save as a declaration or admission by him that the walk needed to be rebuilt; and the same is true of the communication from Tallman. It hardly needs to be stated that declarations or admissions by third persons are not competent evidence to establish a fact. The issue whether the walk was defective was sharply disputed, and this secondary and hearsay evidence on the subject assuredly

influenced the minds of the jury, and must have been preju-
dicial to the defendant. Its admission was error.

3. A medical expert testified, over objection, to his opin-
ion that: "It is most certain that Mrs. Selleck will require
future attendance of a physician by reason of this injury.
Judging by the past, she will require attention every two
or three days,— a fair average, I would say, would be twice
a week for the future. Our usual charge is $1 a visit." This
court has recently announced the decision (without the writ-
er's concurrence then, but to which he now yields in defer-
ence to the rule of *stare decisis*) that such testimony is
improper, as invading either the field of baseless conjecture
or that of common knowledge, where the expert cannot
guide, though he may mislead, the jury. *Crouse v. C. & N.
W. R. Co., ante,* p. 473. Its admission was error, and clearly
prejudicial on the question of damages.

4. Error is assigned upon admission in evidence of three
photographs, showing the injured foot in variant poses. The
distortion was most serious, and its exhibition in aggravated
aspects was well calculated to arouse the sympathy of the
jury, and to divert their minds from the merely secondary
and pecuniary considerations alone relevant to the plaintiff
husband's recovery, to thoughts of pain and suffering, both
physical and mental, which the injured woman had endured.
The photographs were wholly unnecessary to a full descrip-
tion and explanation of her condition so far as it affected
the damages recoverable, namely, expenses for nursing and
medical attendance, and loss of service and society. Other
evidence having shown that expense and the extent of im-
pairment of the wife's condition very fully, the appearance
of the foot could hardly be instructive or helpful. In *Bax-
ter v. C. & N. W. R. Co., ante,* p. 307, this court (MARSHALL, J.)
said: "There is a limit to the use of photographs as evi-
dence, and it was nearly, if not quite, reached in this case.
They are competent for some, but not for all, purposes.

They may be used to identify persons, places, and things, to exhibit particular locations or objects, where it is important that the jury should have a clear idea of the same, and the photographs will better show the situation than will testimony of witnesses, and where the testimony will be better understood by the use of photographs. . . . There must be some substantial, legitimate reason for the use of such representations, else they should not be received." We are unable to resist the conclusion that the limit so indicated was passed in the present case. There was no substantial, legitimate reason for their use in order to show even the degree of disablement, so far as relevant to the damages the jury had a right to consider. The situation is much as if, in an action under the statute to recover damages for causing death, the plaintiff should show by photographs a terribly mangled condition of the deceased. As a corollary of the rule in the *Baxter Case*, we hold that where photographs are not substantially necessary or instructive to show material facts or conditions, and are of such a character as to arouse sympathy or indignation, or divert the minds of the jury to improper or irrelevant considerations, they should be excluded. *Gilbert v. West End St. R. Co.* 160 Mass. 403, 405; *Harris v. Quincy*, 171 Mass. 472; *Fore v. State*, 75 Miss. 727; *Dobson v. Philadelphia*, 7 Pa. Dist. 321.

5. Some evidence was admitted, over objection, bearing on the condition of the sidewalk at times extending as much as two years prior to the injury. Most of it was, however, connected with the time of the accident by some showing of continuance of the conditions. The court seems to have been induced to admit some of this evidence as relevant to the issue of notice to the city. While it may be unnecessary to decide whether the admission of any of this evidence constituted reversible error, we deem it proper, in view of a new trial, to point out that where notice of the condition is admitted, so that no proof thereof is necessary, no evi-

dence should be received which is too remote to bear on the question whether the walk was defective at the very time of the accident.

6. Appellant complains because the court instructed the jury that: "In finding the value of her services, you may consider the loss, if any, sustained by her husband in the deprivation of regular attendance, services, and comfort of his wife's society. The comfort of her society can hardly be separated from her services, and the word 'service' implies whatever of aid, assistance, comfort, and society the wife would be expected to render or bestow upon her husband under the circumstances, as shown by the evidence in the case, in the condition in which the husband and wife were placed." The criticism is that the jury were thereby authorized to allow as damages something in excess of the proved money value of the wife's services as a hired servant. The action here brought was well known to the common law, except that our statute (sec. 1339, Stats. 1898) and its predecessors were necessary to render a municipal corporation liable thereto. *Hunt v. Winfield,* 36 Wis. 154. It is brought in the husband's own behalf, and for a wrong done to his own rights. It closely resembles the action of the father for injury to or disablement of his child, or the master for his servant. The measure of recovery differs just as the rights invaded differ,— just as the legal duty owed by the wife differs from that owed by the child or servant. Each of the latter owes the duty of service or labor. The wife owes a broader and a higher duty, of which physical labor may or may not be a part, according to circumstances. Her duty is called in the common-law writs *consortium,* which means conjugal society and assistance. And. Law Dict.; Bouv. Law Dict. So we find that the common law recognized the right of the husband to maintain action against one who tortiously impaired the ability of a servant, child, or wife to perform her duty, and thus deprived the owner of

his right thereto.   Such action, if based on personal injury, was in trespass on the case, *per quod servitium amisit* if for a child or servant, and *per quod consortium amisit* if for the wife.  3 Bl. Comm. 139, 142; *Winsmore v. Greenbank*, Willes, 577.   From before the days of Blackstone down to the pres-ent time, the authorities, English and American, are, with-out well-considered exceptions, in accordance with the rea-son above stated,— to the effect that the husband's recovery is for the loss or impairment of his right to conjugal society and assistance, and ordinarily, where the word "services" is used, it signifies wifely services, such as are due from her, and includes the idea of her society.   *Guy v. Livesey*, Cro. Jac. 501; *Hyde v. Scyssor*, Cro. Jac. 538; Cooley, Torts, 266; 2 Hilliard, Torts, 498; Schouler, Dom. Rel. (5th ed.), § 77; Reeve, Dom. Rel. (4th ed.), 88; 3 Suth. Dam. § 1252; *Meese v. Fond du Lac*, 48 Wis. 323; *Shanahan v. Madison*, 57 Wis. 276; *Duffies v. Duffies*, 76 Wis. 374, 8 L. R. A. 420; *Hopkins v. A. & St. L. R. R.* 36 N. H. 9; *Kelley v. N. Y., N. H. & H. R. Co.* 168 Mass. 308, 38 L. R. A. 631; *Laughlin v. Eaton*, 54 Me. 156; *Drew v. Peer*, 93 Pa. St. 234; *Jones v. U. & B. R. R. Co.* 40 Hun, 349; *McKinney v. Western S. Co.* 4 Iowa, 420; *Mowry v. Chaney*, 43 Iowa, 609; *Berger v. Jacobs*, 21 Mich. 215, 221; *Furnish v. M. P. R. Co.* 102 Mo. 669. The wifely services or *consortium* may, and often do, include services such as might be rendered by hired servants; and when that is the case it is usually permitted to prove the customary or market value of such services by testimony of experts familiar with such market value, but it is not neces-sary that any such physical services should customarily be rendered in order to justify some recovery.   *Bigaouette v. Paulet*, 134 Mass. 124; *Kelley v. N. Y., N. H. & H. R. Co., supra; Berger v. Jacobs, supra; Furnish v. M. P. R. Co., supra;* Cooley, Torts, 266; 3 Suth. Dam. § 1252.   In the light of these principles, it was not error to instruct the jury that, in placing a value upon the wife's services, they were

to understand that word as including, not alone such services as a hired domestic servant might perform, but also such as the wife can, and this wife was accustomed to, render, if they found those to be disabled by her injuries, which was substantially the effect of the charge. From the foregoing it is apparent that the husband's damages are the value of his wife's services *to him,* as the court also charged under exception. They cannot be entirely the subject of market value, though part of them may be. Their value is not to be tested by what they could be hired for, or what another would pay for them, for they are not a hireable commodity. This does not at all deny what was said in *Keller v. Gilman,* 93 Wis. 9, 12; for there the subject of inquiry was the market value of certain services, of a kind which might be the subject of hiring, as to which opinion evidence only of value generally, and not to any particular person, has always been held permissible. It should be noted, however, that such of the services or *consortium* owed to the husband as are not mere physical services are less likely to be impaired by an injury merely physical. Because a wife is incapacitated to perform such services as a cook or a housemaid, it by no means follows that she may not extend to her husband the aid of her society and counsel, or her pervading superintendence and care over his household, or nurture and guidance of his children. In the case before us much of conjugal assistance and society was within the injured woman's power, and a caution to this effect might very properly have been given, though its omission, in absence of any request therefor, is, of course, not error. We cannot, however, concur in appellant's view that the evidence disclosed no loss of such elements of the *consortium.* Of a woman bedridden or compelled to move on crutches, suffering severe pain, with shattered nerves, it cannot be said to conclusively appear that her ability is not impaired to render services and assistance, even other than physical, which would otherwise have

been within her power. *Furnish v. M. P. R. Co.* 102 Mo. 669.

7. There was no error in charging the jury that plaintiff, having used reasonable care in the employment of physicians of good reputation, was not responsible for their failure to exercise the highest skill and adopt the best means to effect a cure. *Selleck v. Janesville,* 100 Wis. 157.

8. The court charged that plaintiff might recover the value of his own services in necessary attendance upon his wife by reason of her injuries, and refused a request for a contrary instruction. The plaintiff owed his wife the duty of care and nursing rendered necessary by her injuries, and was entitled to recover the expenses therein necessarily incurred. If he devoted his own time and services, to the loss of their pecuniary value if otherwise employed, it was obviously a legitimate expense,— as much as if he had hired such attendance from another; and he might recover therefor, subject, of course, to the rule that he must not thus enhance the damages. However valuable his own time and services, he should not be allowed therefor more than the amount for which he could have hired reasonably competent attendance and nursing by others. No such limitation was requested to be given in the charge to the jury, however; hence no error. *Salida v. McKinna,* 16 Colo. 523.

As the cause must be remanded for a new trial, we deem it unnecessary to discuss the further assignments of error as to the details of the trial. They are either not tenable, or the errors complained of are such as are not likely to be repeated.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.