VILLAGE OF WEST SALEM, Appellant, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and another, Respondents.

*October 9—November 4, 1919.*

*Workmen's compensation: Courts: Former decision of supreme
court controlling.*

Where an application made under the workmen's compensation
act against a county and a village for the death of an em-
ployee terminated in an award against the village, which, ex-
cept as to the amount, was affirmed on appeal, and upon the
return of the record the industrial commission denied the re-
quest of the village that the county be made a party and en-
tered a final award which was also affirmed on appeal, the
former decision, although not *res adjudicata* because the
county was not a party to the proceedings, was binding under
the doctrine of *stare decisis;* and the judgment of the circuit
court affirming an order of the industrial commission dismiss-
ing a subsequent petition of the village that the county pay
part of the award is affirmed.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to review an order of the *Industrial Commission.*
It appears that one William Voeck was engaged in assisting
the marshal of the village of *West Salem* in an attempt to
hold one Jones, then in the custody of Weingarten, a deputy
sheriff of *La Crosse County,* under circumstances fully set
out in *West Salem v. Industrial Comm.* 162 Wis. 57, 155
N. W. 929. The widow of Voeck instituted a proceeding
under the workmen's compensation act, which was begun
originally against the village of *West Salem* and *La Crosse
County.* At the first hearing, in some informal way *La
Crosse County,* then appearing by its district attorney,
was dropped from the proceeding and does not further
appear, except as hereafter stated. A proceeding before
the *Industrial Commission* resulted in an award of $3,000
in favor of the widow. The village brought an action to
review the award. The circuit court affirmed the award

made by the *Industrial Commission,* except as to the amount. The village appealed from the judgment of the circuit court to this court, and this court affirmed the judgment.    After the return of the record to the *Industrial Commission* and after some proceedings had been had before the *Industrial Commission,* the village filed a petition asking that *La Crosse County* be made a party to the proceedings.    The *Industrial Commission* denied the petition.    The recitals in the order denying it are in part as follows:

"The application for death benefit was made against the village of *West Salem.*   Formal hearing was had and award was entered on February 5, 1915, requiring the village of *West Salem* to pay to the applicant death benefit in the sum of $3,000.    Thereafter the determination of the *Commission* was reviewed by the circuit court for Dane county and the supreme court of Wisconsin, and the findings of the *Industrial Commission* as to all jurisdictional facts were upheld.    The *Industrial Commission* erred only in the fixing of the wage upon which the death benefit was to be computed, and the proceedings were remanded to the *Commission* with direction to determine the amount of death benefit in accordance with the directions of the court.    The liability of the village of *West Salem* became fixed, and, as we view the matter, no jurisdiction was left with the *Commission* to find liability otherwise."

A final award was then made, and the village brought an action in the circuit court for Dane county to review the second award, including the refusal of the *Commission* to make *La Crosse County* a party to the proceeding.    The circuit court affirmed the action of the *Commission* in refusing to make *La Crosse County* a party, and affirmed the award, and from the judgment of the circuit court the village appealed.

By stipulation of the parties the judgment of the circuit court was affirmed, without hearing, in the supreme court.

In August, 1917, the village began this proceeding before

the *Industrial Commission of Wisconsin* against the county of *La Crosse,* and asked that the county of *La Crosse* be required to answer the petition and required to pay the village one half of the award.

The *Industrial Commission,* upon hearing, dismissed plaintiff's petition, and this action was begun in the circuit court to review the order of the *Industrial Commission* dismissing the petition. This appeal is taken from the judgment of the circuit court affirming the order of the *Industrial Commission.*

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J. We do not find it necessary to consider the question of the jurisdiction of the *Industrial Commission* in the premises. Under the *stare decisis* rule it must be held that the judgment of this court affirming the judgment of the circuit court, which affirmed the order of the *Industrial Commission,* refusing to make *La Crosse County* a party, is conclusive upon the plaintiff here. The matter is now before us upon the same record that was before the court in the second appeal. While *La Crosse County* was not a party on the second appeal, for the reason that the *Industrial Commission* declined to entertain the petition of the plaintiff asking that *La Crosse County* be made a party, the facts presented are identical, and the claims made by the plaintiff upon such facts are the identical claims presented by the plaintiff in the second action to review the findings of the *Industrial Commission.* While the former decision is not technically *res adjudicata* because *La Crosse County* was not a party, under the rule of *stare decisis* the plaintiff here is nevertheless concluded and cannot retry the same question

upon this appeal. *Cawley v. La Crosse City R. Co.* 106 Wis. 239, 82 N. W. 197; *Lonstorf v. Lonstorf,* 118 Wis. 159, 95 N. W. 961; 15 Corp. Jur. p. 916, § 304.

In this case we do not find it necessary to consider or discuss the effect of the first judgment affirming the finding of the *Industrial Commission* that the village of *West Salem* was the employer of Voeck.

*By the Court.*—Judgment affirmed.