JOSEPH MUNDELL V. THE CITY OF GREELEY.

No. 15,222.    (92 Pac. 1117.)

SYLLABUS BY THE COURT.

JUDGMENTS—*Evidence—Separate Actions by Husband and Wife.*
"Where a husband and wife bring separate and successive
actions against the same defendant for damages for personal
injuries sustained by the wife, the judgment in one action is
not evidence in the other."   (23 Cyc. 1263.)

Error from Anderson district court; CHARLES A.
SMART, judge.   Opinion filed December 7, 1907.   Af-
firmed.

*W. O. Knight,* and *F. M. Harris,* for plaintiff in er-
ror.

*N. L. Bowman,* and *Manford Schoonover,* for de-
fendant in error.

The opinion of the court was delivered by

SMITH, J.: Joseph Mundell brought an action in the
district court of Anderson county to recover damages
for the loss of the society and services of his wife and
for his expenses for nursing and medical attendance
received by her in consequence of a fall upon a side-
walk of the city of Greeley, Kan.   An adverse judg-
ment having been rendered against him, he seeks a
reversal on the ground of trial errors.

In his petition the plaintiff set forth that his wife,
Hannah F. Mundell, had recovered a final judgment
against the city for the injuries resulting to her from
the same accident upon which he predicated his claim,
and, upon the trial of his case, he offered in evidence
the record of this judgment as tending to establish
his cause.   This proffered evidence was excluded by
the court, and the ruling thereon seems to be the prin-
cipal ground of complaint.   It is not contended that the
wife's judgment is an estoppel or in any way con-
clusive against the city, but that, as the city has once

had a trial upon the same issue and was defeated therein, the judgment is some evidence of defendant's liability for the injury and the incident effects thereof.

It is hardly necessary to say that *The State v. Mosley*, 31 Kan. 355, 2 Pac. 782, which is cited and in which the record of the conviction of the principal was held to be proper evidence of the fact of the principal's guilt on the trial of an accessory, is not in point here. The record of the judgment was properly excluded. The husband is in no sense a privy to the judgment in favor of his wife in this case. The husband and his wife having brought separate and successive actions against the defendant city for damages for personal injuries sustained by the wife, the judgment in her action is not evidence in any way affecting his right of recovery. (23 Cyc. 1263, note; *Selleck v. The City of Janesville*, 104 Wis. 570, 80 N. W. 944, 47 L. R. A. 691, 76 Am. St. Rep. 892; *Walker v. Philadelphia*, 195 Pa. St. 168, 45 Atl. 657, 78 Am. St. Rep. 801.)

The only other claim of error which is deemed worthy of special comment arose as follows: A witness for the plaintiff, after having given some description of the sidewalk where the accident to Mrs. Mundell occurred, was asked:

"Ques. Did you notice the boards in that condition before that? Ans. Yes, sir; it throwed me down; one of them throwed me down one day; that is what made me notice it."

The defendant objected to the answer as incompetent, and moved to strike it out. The court allowed the motion.

On the authority of *City of Topeka v. Sherwood*, 39 Kan. 690, 18 Pac. 933, it must be said that upon the same conditions being shown to exist evidence of prior accidents at the same place is relevant in this class of actions. But in this case the condition of the sidewalk at the time of the prior accident was not disclosed except that there was a loose board which

Chemical Co. v. Morrison.

tripped up the witness.   Mrs. Mundell's injury also occurred in a similar manner.   There was no evidence as to the length of time between the accidents or as to whether boards in the walk had been permitted to remain loose during the interval.   The condition of the walk at the time of the injury to Mrs. Mundell was quite fully detailed to the jury, and we cannot say that even if the evidence of the prior accident was admissible any prejudice to the plaintiff resulted from striking it out.

The judgment is affirmed.