[No. 19942. Department One. June 30, 1926.]

JOSEPH MADDOCK, as Administrator of the Estate of Hattie J. Maddock, Deceased, Respondent, v. J. C. McNIVEN et al., Appellants.

JOSEPH MADDOCK et al., Respondents, v. J. C. McNIVEN et al., Appellants.[1]

[1] NEW TRIAL (24-1)—GROUNDS—INADEQUATE DAMAGES. The supreme court will not ordinarily reverse an order granting a new trial for the reason that the court considered the damages inadequate or that there had not been a fair trial.

[2] SAME (21)—VERDICT—CONTRARY TO EVIDENCE. Where actions for wrongful death are consolidated for a trial, and the same jury brings in separate verdicts which are so conflicting that they cannot be reconciled, the action of the trial court in granting a new trial in both cases will not be disturbed on appeal.

Appeals from orders of the superior court for Lewis county, Reynolds, J., entered November 25, 1925, granting the plaintiffs new trials in consolidated actions for wrongful death after verdicts of a jury rendered for the plaintiff in one action and for the defendants in the other. Affirmed.

*Bates & Peterson* and *C. D. Cunningham,* for appellants.

*Oakley & Thompson,* for respondents.

[1]Reported in 247 Pac. 467.

Bridges, J.—A detailed statement of the facts will not be necessary for a discussion of the questions involved in this appeal.

Mrs. Hattie J. Maddock was riding in an automobile being driven by Mrs. Graham. The auto was proceeding northerly on Iron street, towards the intersection of that street and Magnolia street in the city of Centralia. The defendant J. C. McNiven, at the same time, was driving his automobile, which belonged to himself and his wife, westerly along Magnolia street towards the intersection above mentioned. At that point a collision occurred, resulting in very serious injuries to Mrs. Maddock. Her pelvis bone was fractured, her bladder was lacerated, and she was otherwise injured and bruised. She was at once taken to a hospital, where an operation was performed upon her, but several days thereafter she died as a result of her injuries.

Two suits were brought. One, which we shall hereafter refer to as the first suit, was brought by Joseph Maddock, as administrator of the estate of Mrs. Maddock, who was his wife, to recover damages for the loss of services sustained by him as her surviving husband, and for loss of training sustained by Edith Maddock, the twelve year old daughter of Joseph Maddock and his deceased wife. The other case, which we shall mention hereafter as the second suit, was brought by the surviving husband and five children of the deceased to recover damages for the pain and suffering endured by her from the time of the accident to her death.

When the first case was called for trial, the court consolidated the two cases for the purpose of trial, it being evident to him that most of the testimony which would be introduced would apply equally to both cases. The plaintiffs objected to the consolidation. The court required the jury to bring in separate verdicts

in each case, and also instructed that, if it found for the plaintiffs in the first case, then it should segregate the amount found for the husband and for the minor daughter. The testimony showed that Joseph Maddock, the husband, had expended $677.50 for medical, hospital and funeral expenses. The principal question in each case was whether defendants had been negligent.

In the first case, the jury returned a verdict for the plaintiff in the sum of $2,427.50, which it segregated as follows: To Joseph Maddock, the husband, $1,427.50; and to Edith Maddock, the minor child, $1,000. In the second case, that is, the one brought by the husband and all the children to recover on account of the pain and suffering endured by the deceased, the verdict was in favor of the defendants. The plaintiffs in each case moved for a new trial, the motions being based upon various statutory grounds. The court made a general order in each case, granting a new trial. No specific grounds therefor were stated in the orders. The defendants have appealed.

[1] Respondent argues that the order of the court in granting a new trial in the first case (that is, the one where the verdict was for the respondent), can and should be sustained because of the inadequacy of the amount of the verdict. It will be remembered that the amount awarded to the husband was $1,427.50; of that amount he had paid out $677.50 on account of hospital and medical bills and funeral expenses; thus leaving, for the loss of services of his wife, $750.

The testimony quite conclusively shows that Mrs. Maddock, at the time of her death, was fifty-two years of age and had a life expectancy of a little less than nineteen years; that her husband was fifty-four years of age and had a life expectancy of a little more than seventeen years; that she was a woman of some educa-

tion, had generally been in excellent health before the accident, and performed the usual household duties.

It is always the duty of the trial court to do his utmost to see that a reasonably fair trial has re-. sulted to all the parties to a suit. If that court grants a new trial because of inadequacy or excessiveness of the amount of the verdict, this court will seldom interfere. *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497; *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617. If the court thought that the amount of the award in the first action was inadequate and that, for some reason, there had not been, in his judgment, a fair trial, it was his privilege to grant a new trial, and we would not ordinarily hold that he had abused his discretion.

[2] But there is another ground upon which the order directing a new trial in each case may be sustained, and that is the manifest inconsistency of the two verdicts. It must be remembered that both cases were tried by the same jurors, and the same evidence on the question of negligence and liability was presented in each case. The jury, in finding for respondents in the first case, must have found that the injury resulted from the negligence of the appellants. Inasmuch as it refused to find anything for the plaintiffs in the second case, which rested upon identically the same testimony with reference to negligence as was before the jury in the first case, and inasmuch as the testimony is undisputed that the deceased lived several days after her injury and suffered pain during at least a part of that time, it is difficult to reconcile the two verdicts. If that in the first case is right, then that in the second case would seem to be wrong; and *vice versa.* It is probable that the trial court was no more able to reconcile these two verdicts than we have

been, and, since the same jury brought in both verdicts, it would seem that there is such inconsistency as that the trial court was justified in believing that there was something wrong—a mistake somewhere—and that there had not been a fair trial in one or the other of the cases; which one it would, of course, be impossible for the court to determine.

The orders granting a new trial in each case are affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.