FIRST JUDICIAL DISTRICT COURT OF MONMOUTH COUNTY.

GEORGE POULOS, PLAINTIFF, v. COAST CITIES COACHES, INCORPORATED, DEFENDANT.

Decided August 3, 1937.

For the plaintiff, *Schlossbach & Newman* and *Henry K. Golenbock.*

For the defendant, *Alan Kraut.*

PROCTOR, D. C. J.   The only question to be considered is the effect of the verdict and judgment previously obtained against the defendant by the plaintiff's wife.

The first action was instituted by Susan Poulos and George N. Poulos against the defendant in the Second Judicial District Court of Monmouth county to recover for injuries sustained by the wife while a passenger in the defendant's bus, and for consequential injuries suffered by the husband.   At the trial of the case in the Second Judicial District Court, the husband (plaintiff here) discontinued his suit and, upon motion, which was granted, the wife's claim for damages was increased to $500.   The jury returned a verdict of $200 in favor of the wife and judgment was entered thereon.

The plaintiff, George N. Poulos, instituted suit in this court for consequential damages suffered by him in the loss of society, services, and expenses, known as an action *per quod consortium amisit.*   At the trial of this case I allowed the judgment record of the Second Judicial District Court to be

offered in evidence, reserving decision as to whether or not it was admissible on the question of *res adjudicata* (the purpose for which it was offered).

As I stated at the end of the trial, I found as a fact that there had been no breach of duty owed to the plaintiff's wife by the defendant, and, therefore, the only question is whether or not the judgment rendered in favor of the wife in the prior action was *res adjudicata* as to the husband's claim in the instant case. If I am bound by the prior judgment, the judgment in the instant case should go for the plaintiff. If I am not bound, under the facts of the instant case, judgment should go for the defendant.

A married woman may maintain an action in her own name, without joining her husband therein, for all torts committed against her in the same manner as she lawfully might if a *feme sole*. *Comp. Stat., p.* 3237, § 12B. A personal injury to the wife gives rise to two causes of action; one in favor of the wife to recover for the physical injury, pain and suffering, and one in favor of the husband to recover for loss of his wife's services, society, and for any expenses incurred. Both suits result from the same injury to the wife, it is true, but the causes of action are separate and each an entirety unto itself. Both spring into independent existence at once upon such injury.

A matter is not *res adjudicata* unless there be identity of the things sued for, of the cause of action, of the persons and parties, of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so in point as to control the issue in the pending action. *Smith* v. *Fischer Baking Co.,* 105 *N. J. L.* 567; 147 *Atl. Rep.* 455. In the case *sub judice,* there is no identity of the thing sued for between the two suits. Mrs. Poulos claimed personal injuries. Mr. Poulos claims damages to his property right. It is self-evident that the parties are not the same. The husband is not in privity with the wife. His action now is on his own common law right to compensation for the loss of his wife's services. No settlement or disposition of her claim could affect his without his consent. The term

"privity" means mutual or successive relationship to the same rights of property. The executor is in privity with the testator, the heir with the ancestor, the assignee with the assignor, the donee with the donor, and the lessee with the lessor. See *McDonald* v. *Gregory,* 41 *Iowa* 142 (at *p.* 516).

It appears to me that the case of *Smith* v. *Fischer Baking Co., supra,* is controlling. There, the owner of an automobile brought suit against the baking company to recover for damages to her automobile caused in the collision between it and the automobile owned by the baking company. Plaintiff's automobile, at the time of the accident, was operated by her servant, Versoy. Prior to this suit, Versoy brought suit for personal injuries against the baking company and judgment in that suit was for the defendant. The baking company, in the suit by the owner, pleaded *res adjudicata.* The court held that the prior case was not *res adjudicata* as the parties and issues were not the same. The *ratio decidendi* of the Fischer Baking Company case was that Versoy was suing in his own right, and that the owner had not had her day in court. By the same token it may be said that Mrs. Poulos was suing in her own right, and Mr. Poulos had not had his day in court.

In order to come within the rule as to *res adjudicata,* the first judgment must have been binding on both parties to the second action. If the wife's action had failed for want of evidence of defendant's negligence and there had been a verdict for the defendant, the plaintiff, who was not a party to that action (he having withdrawn his count), with no control over that action, would not have been barred from his right to prove negligence in his own suit. As he would not have been prejudiced by one result, he cannot claim the benefit of the other. See *Walker* v. *The City of Philadelphia,* (*Pa.*) 45 *Atl. Rep.* 657.

Plaintiff relies upon the cases of *Mullen* v. *Newcastle,* 180 *Ind.* 103, and *Black* v. *Eastern Railway,* 257 *Pa.* 273, but both of these cases turn upon the language of the statute of limitations and have no application to the rule of *res adjudicata.* Plaintiff also cites the case of *Rossman and Boehme* v.

*Newbon,* 112 *N. J. L.* 261; 170 *Atl. Rep.* 230, as dispositive of the case at bar. In that case, the husband and wife instituted suit against the defendant for injuries sustained by the wife through the negligence of the defendant, the husband joining for consequential damages. The jury awarded damages to the wife, but was silent as to the husband's claim. The trial judge granted a rule to show cause and made the same absolute as to damages only for both the wife and the husband. The defendant appealed upon the ground, *inter alia,* that, as the husband had not received a verdict in the first place, he should not have had a new trial as to damages only. The court dismissed this on the ground that the husband's action was secondary or derivative of the wife's and depended on the existence of the cause of action pleaded by the wife. The court said (at *p.* 231) :

"Unless the wife can recover for personal injuries suffered by her, the husband, *in such an action,* is not entitled to consequential damages. *Jackson* v. *Boston Elevated Ry. Co.,* 217 *Mass.* 515; 105 *N. E. Rep.* 379; 51 *L. R. A. (N. S.)* 1152; 13 *R. C. L.* 1415. Compare *Vorrath* v. *Burke,* 63 *N. J. L.* 188; 42 *Atl. Rep.* 838. The converse of this proposition is likewise the law." (Italics the writer's.)

In the above case, the husband was a party to the suit with the wife, and it appears that he can recover in the event she can recover *in such an action.* It will be noticed that the case cited was a Massachusetts case and the Massachusetts courts have held that a judgment in favor of the wife in one suit is not *res adjudicata* on the issue of negligence as to the consequential damages suffered by the husband in a subsequent suit. See *Erickson* v. *B.,* 230 *Mass.* 467; 120 *N. E. Rep.* 126.

The Rossman case is authority merely for the point that where the husband and wife are parties to the suit, the court, if it can ascertain the meaning of the jury's verdict, may give it effect even though the verdict be irregular and faulty in expression. The case goes no farther.

The case of *Leonardis* v. *Freda,* 8 *N. J. Mis. R.* 887; 152 *Atl. Rep.* 239, cited by plaintiff, is not in point as it merely

holds that a judgment against one joint debtor precludes a subsequent judgment against another joint debtor.

I have examined all of the cases that I could find in the reports, both in this state and in our sister states (incidentally, I have not been favored with a brief from the defendant), and I find that the overwhelming weight of authority holds that a judgment in favor of the wife is not *res adjudicata* as to the liability in general of the defendant for the resulting injuries to the husband. See the cases collated in the notes of 2 *A. L. R.*, 592, and 10 *L. R. A.* (*N. S.*) 140.

I, therefore, award judgment of no cause of action in favor of the defendant.