**LANSBURGH & BRO., Inc., v. CLARK.**

No. 7961.

United States Court of Appeals for the District of Columbia.

Argued March 10, 1942.

Decided April 13, 1942.

Mr. Lawrence Koenigsberger, with whom Messrs. Morris Simon and Leroy S. Bendheim, were on the brief, all of Washington, D. C., for appellant.

Mr. S. Preston Smith, with whom Messrs. Rowland Edwards and William J. Sweeney were on the brief, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

Alice E. Clark (wife of appellee) was injured while shopping in appellant's store in Washington City. Her husband (appellee) expended money in her cure. Instead of instituting separate actions, as would have been necessary prior to the adoption of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Mrs. Clark and her husband brought a joint action against appellant.[1] In the complaint, Mrs. Clark alleged negligence on the part of the store owner and claimed damages for her injury, and Mr. Clark claimed damages for his out-of-pocket expenses and loss of services. Appellant denied negligence, and alleged contributory negligence on the part of Mrs. Clark. The case was submitted to a jury and a verdict returned against the wife, but in favor of the husband for $500. Appellant, on the last day allowed under the rules, filed a written motion for judgment against the husband or, in the alternative, for a new trial in the husband's case. The motion was overruled, and this appeal followed.

In this court, appellant's argument is summarized as follows: "A husband's right to recover damages consequent upon injuries received by his wife is predicated upon the premise that the wife's injury is one for which she would be entitled to recover compensation in her own right. Therefore, when the verdict against the wife indicates that, either because of absence of negligence on the part of the defendant, or because of contributory negligence on the part of the wife, she is not entitled to recover, there can be no independent recovery by the husband, and the defendant is entitled to judgment against the husband, notwithstanding a verdict in his favor."

1. The subject is not new, nor are the decisions uniform. Counsel for appellant cite a number of cases in which it is held that an essential element of the claim of the husband is that there be an injury for which the wife can recover damages, and that, if she cannot recover, either because there was no negligence or because she was herself guilty of contributory negligence, the husband is not entitled to recover his damages. The cases cited to sustain the rule are printed in the footnote.[2]

Counsel argue that it follows from this rule that an adverse adjudication in the wife's cause is conclusive on the husband and bars his right to a recovery. But with great deference to this view, we think it unsound. It overlooks various factors which, when considered and properly weighed, show that it is contrary to reason and to the weight of authority. The common law right of a husband to recover the damages to himself in consequence of an injury to his wife is too well established to require the citation of authority. Equally well established is the right of the wife, under present day statutes, to recover the damages to herself for injuries negligently inflicted on her person. In the prosecution of

---

[1] "Rule 20. Permissive Joinder of Parties

"(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"(b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice."

[2] Rossman v. Newbon, 112 N.J.L. 261, 170 A. 230; Jackson v. Boston E. Ry., 217 Mass. 515, 105 N.E. 379, 51 L.R.A., N.S., 1152; Chicago, B. & Q. R. Co. v. Honey, 8 Cir., 63 F. 39, 26 L.R.A. 42; Folley v. United B. & L. Association, 178 A. 95, 13 N.J.Misc. 293; Anderson v. Third Avenue R. Co., 9 Daly, N.Y., 487; Brown v. Missouri Pac. R. Co., 96 Mo.App. 164, 70 S.W. 527; Lindsey v. Town of Danville, 46 Vt. 144.

these separate and independent rights there is no privity, and a judgment against one is not a bar to an action by the other. Erickson v. Buckley, 230 Mass. 467, 120 N.E. 126.

▉ The principle which sustains this rule is that neither the parties nor the causes are the same. There is no privity in blood, representation, estate, or law. The right of the wife to bring and control her own action is subject legally to no interference on the part of the husband. He is not a necessary party to her suit. Her judgment is her sole property. Conversely, the husband derives no title to his claim from or through the wife. She can neither control nor release it. His judgment is his sole property. Therefore, the doctrine of res judicata is inapplicable, and her failure to recover in her action does not bar his.[3]

▉▉ 2. Unless, then, the fact that in the present action the husband and wife sued jointly calls for the application of some other principle, there is no merit in appellant's argument that judgment against the husband must follow the verdict and judgment against the wife. We are of opinion that the bringing of a single joint action under the new rules does not affect the respective rights of the parties. At common law, the two causes of action could not have been joined. That they now may be, does not change the result. The causes remain as separate and distinct as if commenced separately. Rule 20 neither has, nor was intended to have, any effect on the substantive rights of the parties, and itself states that judgment may be given "for one or more of the plaintiffs according to their respective rights to relief". Obviously, therefore, it is simply a procedural rule, the sole purpose of which is to remove the procedural obstacles of the common law.

▉ But appellant also says that its motion should have been granted because the two verdicts are inconsistent. That they are inconsistent is obvious. The same jury listened to the same argument and the same evidence at the same time in both causes and rendered two irreconcilable verdicts. They either mistakenly or arbitrarily failed to perform their duty. Both verdicts cannot be right, and in such circumstances courts have set aside both and awarded new trials. Lanning v. Trenton & Mercer County T. Corp., 130 A. 444, 3 N.J.Misc. 1006; Swiencicki v. Wieczerzak, 140 A. 248, 6 N.J.Misc. 145; Maddock v. McNiven, 139 Wash. 412, 247 P. 467; Stuart v. Winnie, 217 Wis. 298, 258 N.W. 611. If in this case the lower court had, either on its own motion or the motion of counsel, awarded a new trial on all the issues as to both plaintiffs, we should have considered such action a reasonable exercise of discretion. But here the motion was made only in the husband's case. In the circumstances, we cannot tell which verdict is wrong, and to require a new trial in the husband's case without doing so in the wife's case would be to assume that the verdict against the wife reflected correctly the greater weight of the evidence. There is nothing in the record to justify this. Consequently the case comes to us with the situation precisely the same as in those cases in which the wife first sues and fails and the husband thereafter sues and succeeds. In that case we would not, as we have shown, be justified in saying that the husband's recovery should be held for naught.

Affirmed.

[3] Erickson v. Buckley, 230 Mass. 467, 120 N.E. 126; Laskowski v. People's Ice Co., 203 Mich. 186, 168 N.W. 940, 2 A.L.R. 586; Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10 L.R.A.,N.S., 140; Duffee v. Boston Elevated R. Co., 191 Mass. 563, 77 N.E. 1036; Selleck v. City of Janesville, 104 Wis. 570, 80 N.W. 944, 47 L.R.A. 691, 76 Am.St.Rep. 892; Brierly v. Union R. Co., 26 R.I. 119, 58 A. 451; Walker v. City of Philadelphia, 195 Pa. 168, 45 A. 657, 78 Am.St.Rep. 801; Kraut v. Cleveland R. Co., 132 Ohio St. 125, 5 N.E.2d 324, 108 A.L.R. 521; Poulos v. Coast Cities Coaches, Inc., 198 A. 372, 16 N.J.Misc. 156; Lindsay v. Oregon Short Line R. R., 13 Idaho 477, 90 P. 984, 12 L.R.A., N.S., 184; Canterbury v. Kansas City, 130 Mo.App. 1, 108 S.W. 574; Mundell v. City of Greeley, 76 Kan. 797, 92 P. 1117.