**UNITED STATES v. CAROLINA WARE-
HOUSE CO., Inc., et al.**

Civil Action No. 475.

District Court, W. D. South Carolina,
Spartanburg Division.

April 4, 1945.

Oscar H. Doyle, U. S. Atty., of Green-
ville, S. C., for plaintiff.

Osborne, Butler & Moore, of Spartan-
burg, S. C., for defendant Carolina Ware-
house Company, Inc.

' Stephen Nettles, of Greenville, S. C., for
defendant Ins. Co. of North America.

WYCHE, District Judge.

The defendant, Carolina Warehouse
Company, Inc., has moved to dismiss the

amended complaint on the ground that as to it there is a failure to state a claim upon which relief can be granted. Rule 12(b), Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The amended complaint sets forth two causes of action: The first against the defendant, Carolina Warehouse Company, Inc., and the second against the defendant, Insurance Company of North America. The allegations in the first cause of action pertinent to this motion are:

"5. Plaintiff, acting through its incorporated agency, the Commodity Credit Corporation, entered into a contract with defendant warehouse company, by the terms of which contract said warehouse company agreed to store cotton owned by or pledged to the United States, represented by said Commodity Credit Corporation, and to insure the same against loss or damage by fire and the plaintiff agreed to pay therefor at the rate of twelve and a half cents per bale per month or fraction thereof. A copy of said contract is attached hereto, marked Exhibit 'A' and made a part hereof.

"6. Said contract expressly provided in paragraph 5 as follows: 'The Warehouse Company agrees to insure and keep insured against loss or damage by fire for its full market value, so long as its receipts for same are outstanding, all cotton subject to this agreement.'

"7. Pursuant to said provision defendant Warehouse Company, insured the contents of its warehouse with defendant insurance company, and as evidence thereof said insurance company issued to defendant warehouse company its policy numbered 57318, a copy of which is hereunto annexed, marked Exhibit 'B' and made a part hereof.

"8. At the time of the issuance of said policy of insurance to the defendant warehouse company, and down to and including the date of the fire, hereinafter mentioned, plaintiff was the owner or pledgee of a total of 518 bales of cotton, which were in the legal custody of the defendant warehouse company and stored in said defendant warehouse company's warehouse at old Camp Wadsworth, 3½ miles from Spartanburg, South Carolina, and for which cotton said defendant had issued insured receipts which were outstanding and effective, at the time of the loss here-inafter mentioned, and during the life of the policy, aforesaid.

"9. On or about August 19, 1942, the contents of defendant warehouse company's warehouse at old Camp Wadsworth, 3½ miles from Spartanburg, South Carolina, including said 518 bales of cotton owned or pledged to plaintiff, were burned and destroyed by fire.

"10. Plaintiff duly performed all the conditions of said contract to be performed on its part but defendant warehouse company failed and refused to perform said contract, to wit: Subsequent to the date of the fire, aforesaid, defendant warehouse company, on or about October 23, 1942, assented to the execution by defendant insurance company of said insurance company's form entitled, Special Cotton Endorsement No. 9X (For Attachment to Form 16-A-Excluding From Coverage 'Acquired Cotton' (Only) of the Commodity Credit Corporation) and said form, a copy of which is a part of Exhibit 'B' annexed hereto and made a part hereof as aforesaid, removes retroactively, namely from August 1, 1942, the coverage of the insurance policy aforesaid on the cotton of the Commodity Credit Corporation which defendant warehouse company had contracted to insure and keep insured as aforesaid."

It is alleged that the plaintiff is in doubt as to which of the defendants is liable to it and, therefore, joins both of them as defendants in order that the question of liability may be determined by the court.

The several reasons given in support of the motion to dismiss may be stated as follows: That the complaint affirmatively shows this defendant complied with the terms of its contract with respect to procuring and maintaining fire insurance and that no subsequent action on its part as alleged in paragraph 10 of the first cause of action attempting to eliminate fire insurance as of a date prior to the loss by fire was effective to accomplish that purpose.

 Plaintiff's position is that if what the warehouse company did with respect to cancellation of the insurance as of August 1, 1942, was effective it is liable for breach of its contract and if the insurance was not cancelled the insurance company is liable as alleged in the second cause of action. It is not claimed that

there is a joint liability. Prayer for judgment is in the alternative. Rule 20 of the Rules of Civil Procedure undoubtedly contemplates that in such a situation as is here presented the entire controversy should be submitted to the court at one time for determination. All of the requirements of that Rule are met as the right to relief against one or the other of the defendants arises out of "the same transaction, occurrence, or series of transactions or occurrences," and questions of law and fact common to both defendants will arise.

▇▇▇ Before the adoption of this Rule, joinder of parties defendant as made by the amended complaint would not have been good. The Rule is a procedural one. It does not affect the substantive rights of the parties. Lansburgh & Bro. v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331. Under this Rule, defendants may be joined where causes of action can be stated against each. Hopper v. Lennen & Mitchell, D.C.Cal. 52 F.Supp. 319. The principal reason for the adoption of Rule 20 is to prevent a multiplicity of suits. By the adoption of the new rules, Congress and the Supreme Court intended to simplify pleadings and reduce them to a minimum. Rules Nos. 7 to 15 inclusive, are designed for this purpose, and Rule 8(f) provides that all pleadings shall be construed so as to do substantial justice. Prior to the adoption of the new rules, courts construed pleadings more strictly than now. The whole tenor of the new rules indicates that the courts have a wide range of discretion in passing upon motions to dismiss. Perry v. Creech Coal Co., D.C.Ky., 55 F.Supp. 998.

▇▇▇ In the case of Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 869, the Fourth Circuit Court of Appeals said: "We are mindful that in weighing the validity of a motion to dismiss for insufficiency, the duty of the court is not to test the final merit of the claim in order to determine which party is to prevail. Our duty, rather, is to consider whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim."

And in Kohler v. Jacobs, 5 Cir., 138 F.2d 440, 441, it was said: "On a motion to dismiss, demurrers having been abolished, and with them the rule of construing the pleadings strictly against the pleader, the allegations ought to be given a fair construction to come at the case intended to be stated, and unless it clearly appears that the facts do not authorize relief, or that relief is barred by some fact alleged, the matter ought to be further examined by summary judgment proceedings or by a trial."

And the Eighth Circuit Court of Appeals has said in Cohen v. United States, 8 Cir., 129 F.2d 733, 736: "When a motion to dismiss is interposed the complaint must be construed in the light most favorable to the plaintiff, and it should not be dismissed if it is reasonably conceivable that at the trial the plaintiff might establish a cause of action."

In the case of Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 306, a more positive statement of the Rule is that a complaint should not be dismissed for insufficiency of statement unless it clearly appears "that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."

▇▇▇ If what the warehouse company did in the matter of the cancellation of the insurance as of a date prior to the fire accomplished that purpose, nothing else appearing, it would be liable for a breach of its contract to keep the property insured. It is apparent from a reading of the entire complaint and the exhibits thereto attached that a decision as to which of the defendants, if either, is liable to the plaintiff, will require a careful examination of all the facts and an interpretation of the contracts in question. Giving the allegations of the first cause of action the construction most favorable to them, I am of opinion that a claim on which relief may be granted is stated against Carolina Warehouse Company, Inc.

The motion should, therefore, be, and is hereby overruled.