McGILVRAY v. POWELL 700 NORTH, Inc.

No. 10202.

United States Court of Appeals
Seventh Circuit.

Jan. 17, 1951.

L. H. Vogel, George C. Bunge, Chicago, Ill., Michael J. Thuma, Chicago, Ill., for appellant.

David A. Watts, Thomas R. McMillen, Chicago, Ill., Bell, Boyd, Marshall & Lloyd, Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant appeals from a judgment for plaintiff in her action for damages for personal injuries sustained when a plate glass window was blown out of defendant's store front, striking and injuring her as it fell. Plaintiff's husband joined in the action, seeking recovery for loss of his wife's services. The jury returned two verdicts, one finding defendant not guilty as to the husband's suit, the other finding defendant guilty as to plaintiff's claim and assessing her damages at $20,000. The trial court having denied its alternative motion for judgment notwithstanding the verdict or a new trial and having entered judgment, defendant perfected this appeal.

Defendant, conceding that the verdict has ample support in the evidence, seeks reversal because, as it says, (1) the verdict for plaintiff is inconsistent with the verdict against her husband and must, therefore, be set aside, and (2) the trial court erroneously instructed the jury as to assessment of damages and improperly admitted incompetent evidence. Plaintiff, on the other hand, denies that any substantial inconsistency exists between the two verdicts or that such inconsistency, if any exists, warrants reversal of the judgment. Plaintiff further contends that the instructions and the rulings on evidence were proper in all respects.

We think there is no legal inconsistency in the two verdicts. A married woman's right of action for damages because of her personal injuries and that of her husband to recover for loss of services are not by any means the same at law; rather they are separate and independent causes of action, each embracing factors absent from the other. A verdict and judgment as to one is not *res judicata* as to the other. Lansburgh & Bro. v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331.

However, defendant zealously insists that, inasmuch as the same evidence was offered in support of each plaintiff's claim, inconsistency results. Consequently, we feel constrained to consider the legal situation, assuming that in fact inconsistency exists. Defendant has cited three Illinois cases,—and it is, of course, Illinois law with which this court is primarily concerned in disposing of this appeal—, in support of its contention that the asserted inconsistency makes it necessary that the verdict for plaintiff be set aside and new trial ordered. The first, Kelly v. Powers, 303 Ill.App. 198, 25 N.E.2d 125, involved a suit by a 12-year-old boy and his father against a 13-year-old lad and his father for injuries and medical expenses occasioned when the minor plaintiff was thrown from the running board of a car driven by the minor defendant. The jury returned four verdicts, two finding the minor defendant not guilty as to either of plaintiffs, a third finding the father of the minor defendant not guilty as to the minor plaintiff, and the fourth finding the father of the minor defendant guilty as to the father of the minor plaintiff. The Appellate Court, treating the case as one involving the application of the doctrine of *respondeat superior,* held that the verdict against the father of the minor defendant was inconsistent with the verdicts finding the minor defendant not guilty of negligence and should, therefore, be set aside. That the decision in that case is not controlling in a case such as this, in which the doctrine of *respondeat superior* is in no way involved, is

clear from the statement in Welter v. Bowman Dairy Co., 318 Ill.App. 305, 362, 47 N.E. 2d 739, 763, that the decision in Kelly v. Powers was "not applicable to the facts" of that case, which, much more nearly like the one at bar, was an action brought by a father and his infant daughter for injuries to the daughter caused by impurities in defendant's milk, in which the jury had rendered a verdict in favor of the daughter but against the father who had incurred medical expenses in her behalf. Observing that "this verdict is inconsistent and indicates confused thinking on the part of the jury, or a disregard of the evidence", the court, though it reversed on other grounds, continued: "If otherwise free from error, we would not reverse because of this inconsistency." Nor is there anything in Rogina v. Midwest Flying Service, 325 Ill.App. 588, 60 N.E.2d 633, in which the jury returned verdicts finding the employee not guilty of negligence but finding his employer liable, and the court, following the rule of *respondeat superior,* reversed the judgment entered on the verdict against the employer, or in Young v. Illinois Central Railroad Co., 319 Ill.App. 311, 49 N.E.2d 268, in which it was held that, in the event of an inconsistency between a special and a general verdict, the special verdict is controlling, to indicate that the alleged inconsistency between the verdicts returned by the jury in the case at bar is such that the verdict for the plaintiff cannot be allowed to stand.

The defendant has cited a number of New York and New Jersey cases which suggest that inconsistency of verdicts is always fatally defective. See, e. g., Reilly v. Shapmar Realty Corp., 267 App.Div. 198, 45 N.Y.S.2d 356, 358; Lanning et ux. v. Trenton & Mercer County Traction Corp., 130 A. 444, 3 N.J.Misc. 1006. However, in the instant case, we are concerned not with the law of New York or New Jersey but with that of Illinois, and, as has been shown, not only does it appear that none of the Illinois cases relied on by defendants follows the rule which prevails in those states, but at least one Illinois Appellate Court, in a case almost identical, on the facts, with the case at bar, has clearly indicated that it would not adhere to that rule. Welter v. Bowman Dairy Company, 318 Ill.App. 305, 363, 47 N.E.2d 739. Moreover, sounder in reasoning, it seems to us, than the New York and New Jersey cases is the decision of the Court of Appeals for the District of Columbia in Lansburgh & Bro., Inc., v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331. That case, like this, involved a personal injury action brought by the wife, in which her husband had joined seeking damages for expenses incurred and loss of services. There, however, the jury found for the husband but against the wife, and it was from the judgment entered on the verdict for the husband that defendant's appeal was taken. The court, pointing out that a wife's right to recover damages for injuries inflicted on her person and her husband's right to recover for loss of her services are separate and independent actions at law with respect to which the doctrine of *res judicata* is inapplicable, held that the permissive joinder provisions of Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A., had no effect on the substantive rights of the parties and, thus, that the judgment against the wife on her claim for damages for personal injuries did not preclude the rendition, in the same action, of a judgment for her husband for loss of services and medical expenses. Disposing of the argument that the alleged inconsistency made a new trial necessary, the court continued, 75 U.S.App.D.C. 339, 127 F.2d at page 333: "If in this case the lower court had, either on its own motion or the motion of counsel, awarded a new trial on all the issues as to both plaintiffs, we should have considered such action a reasonable exercise of discretion. But here the motion was made only in the husband's case. In the circumstances, we cannot tell which verdict is wrong, and to require a new trial in the husband's case without doing so in the wife's case would be to assume that the verdict against the wife reflected correctly the greater weight of the evidence. There is nothing in the record to justify this. Consequently the case comes to us with the situation precisely the same as in those cases in which the wife first sues and fails and the husband thereafter sues and succeeds. In that case

912

we would not, as we have shown, be justified in saying that the husband's recovery should be held for naught." In this case, as in the Lansburgh case, only one of the judgments entered on the verdicts returned by the jury is before this court on appeal, and what was said there with respect to the dilemma with which an appellate court is confronted when only one of two allegedly inconsistent verdicts is made the subject of an appeal applies with equal force to the instant case. For this reason, and also because it does not appear to be the law of Illinois that the wife's right to recover damages for personal injuries is in any way dependent upon the husband's recovery of damages for loss of services, whether the actions be prosecuted jointly or independently of one another, defendant's argument that the asserted inconsistency between the verdicts arrived at by the jury in the trial court requires reversal of the judgment for plaintiff must be rejected.

The defendant's second contention is that the trial court improperly instructed the jury with respect to determination of plaintiff's damages and, further, that it admitted incompetent evidence upon that issue. The instruction to which defendant objects informed the jury that: "In determining compensation which you may award to the plaintiff Nellie McGilvray for inability to perform her usual occupations, if from the evidence you find she is unable to perform her usual occupations, you may take into consideration the fair, usual and customary wages or salary, if any, paid for work similar to that performed by her at Chippewa Falls, Wisconsin." The evidence said to have been improperly admitted consisted of testimony by plaintiff's husband and by the owner of a competing hardware store relative to the value of the services which plaintiff had customarily performed in her husband's store prior to her injury, and testimony that plaintiff's son, who returned to Chippewa Falls subsequent to plaintiff's injury and became associated with his father in operation of the store, received,

under a profit-sharing arrangement, the sum of $5400 in 1947 and a like sum in 1948.[1]

Defendant's objections to the court's instructions and rulings on evidence are based on its contention that plaintiff was not entitled to recover anything for loss of earnings or for the value of her services in her husband's business. Remembering, however, that the husband's claim for loss of plaintiff's services was also before the jury, it seems obvious that the testimony relating to the value of those services was quite properly admitted in evidence. Moreover, defendant's contention that the quoted instruction led the jury to believe that plaintiff was entitled to a recovery for loss of earnings based on the value of the services performed by her for her husband in his hardware store, we think, is founded on a misconception of the clear meaning of that part of the instruction which informed the jury that, in assessing damages, it might compensate plaintiff for her "inability to perform her usual occupations, if from the evidence you find she is unable to perform her usual occupations * * *." The purport of this instruction, couched, as it was, in the present tense, was not that plaintiff was entitled to recover for loss of past wages, but that she had a right to recover damages for the loss of her capacity to earn wages in the future, a right clearly hers under the law of Illinois. Illustrative of the attitude of the Illinois courts is the decision in Chicago & Milwaukee Electric Ry. Co. v. Krempel, 103 Ill.App. 1, in which the court, reviewing an instruction which "authorized the jury to consider what effect such injuries might have upon appellee in the future in respect to ability to perform ordinary labor," observed: "Appellant claims that the services of the wife belong to the husband; that, therefore, in a suit by the wife no recovery can be had for damages growing out of the inability to perform ordinary work. In West Chicago Street Ry. Co. v. Carr, 170 Ill. 478, 48 N.E. 992, an instruction was sustained, while not altogether approved by the court, which

1. With respect to the contention that the testimony relative to the $5400 received by the son in 1947 and 1948 was incompetent and prejudicial, it need only be observed that the court ordered this testimony stricken and, in the course of its instructions, cautioned the jury to disregard anything stricken.

authorized a jury to award a married woman damages for loss of time. If such an instruction could be sustained, there is more reason why the one under consideration here should be approved. This allows the jury to take into consideration the effect of the injuries upon the ability of appellee to perform ordinary labor in the future. The loss of her ability to so work is a personal injury to her which may affect her in many ways peculiar to herself. We can not assume that if not injured she might not hereafter find it necessary, for support of herself, or other reasons, to perform work other than ordinary household work. We think the instruction was properly given."

Construing the first portion of the instruction as we think it should be construed, *i. e.,* as indicating that plaintiff was entitled to recover damages for the loss of her capacity to labor in the future, it becomes obvious that the remainder of the instruction reading: "you may take into consideration the fair, usual and customary wages or salary, if any, paid for work similar to that performed by her at Chippewa Falls, Wisconsin", is also a correct statement of the law, for, in determining the amount of the damages to which she was entitled by reason of the loss of her capacity to labor, evidence as to her special skills, if any, and as to the usual and customary wages paid for work of the type she was qualified to perform prior to her injury was certainly relevant. Nor does the fact that plaintiff had, prior to her injury, worked only in her husband's hardware store render such evidence inadmissible, for it could not properly have been assumed that plaintiff might never thereafter find it necessary to support herself or to work for someone other than her husband. Chicago & Milwaukee Electric Ry. Co. v. Krempel, 103 Ill.App. 1, 3. We think it clear that the evidence as to the value of the services performed by plaintiff was properly admitted and that the jury was correctly instructed as to the purpose for which it might be considered.

The judgment is affirmed.