Stanley M. DIETZ, Appellant,

v.

TURNER'S ARENA, INC., a body corporate, Appellee.

No. 2665.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 28, 1960.

Decided Feb. 8, 1961.

---

1. Code 1951, § 22-2701, Supp. VIII.

Wm. Edison Owen, Washington, D. C., for appellant.

John L. Laskey, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Appellant sued Turner's Arena, Inc., and two individuals for false arrest. A trial resulted in a verdict in favor of the individual defendants but against the Arena in the sum of $7,000. On motion of the Arena the verdict against it was set aside and a new trial ordered. Later, by a "clarifying order," the trial court attempted to order that the new trial should be had as to all defendants. On appeal from that order by the individual defendants we held that they were entitled to judgment on the verdict in their favor and that the new trial should proceed against the Arena alone. See Murray v. Dietz, D.C.Mun.App., 158 A.2d 908.

The new trial resulted in a verdict and judgment in favor of the Arena. This appeal claims no error in the second trial, but asserts it was error to set aside the verdict in the first trial against the Arena, and that such verdict should be reinstated and judgment entered thereon.

The gist of appellant's argument is that the trial court, in setting aside the verdict against the Arena, held that the verdict was inconsistent in that it was against the corporate defendant but in favor of the individual defendants who actually performed the acts complained of, and ruled as a matter of law that such inconsistent verdict could not stand. Appellant argues that an inconsistency in a verdict does not render the verdict invalid.

The exact ground on which the trial court granted the new trial is not clearly disclosed by the record. In its formal order it stated it granted the Arena's motion for new trial "for the reason that the verdict returned by the jury was contrary to the law of the case and contrary to the evidence submitted to the jury." Certainly it is not plain from this statement that the court felt that the inconsistency of the verdict made it contrary to the evidence. At the hearing on the motion for "clarification" the trial court orally stated that the reason for granting the new trial was that "the verdict is entirely inconsistent with the evidence," and later in the same proceeding the court said the verdict "was contrary to the evidence introduced as well as contrary to the law of the case."

█ Even if we agree with appellant that the new trial was ordered solely on the basis of the inconsistency in the verdict, and agree that an inconsistent verdict may stand as a matter of law, it would not help appellant for there is no rule of law which prohibits a trial court from granting a

new trial because of the inconsistency of the verdict. Lansburgh & Bro. v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331. The discretion of a trial court in granting or denying a motion for new trial is very broad. The record discloses no abuse of discretion here.

Affirmed.