**GENERAL INVESTMENT COMPANY OF CONNECTICUT, Inc., et al., Plaintiffs,**

**v.**

**Martin ACKERMAN et al., Defendants.**

United States District Court
S. D. New York.
Nov. 20, 1964.

Knapp & Berson, New York City, for plaintiff.

Cooper, Ostrin, DeVarco & Ackerman, New York City, for defendant.

CANNELLA, District Judge.

Motion by the defendants Martin Ackerman, Herman E. Cooper, Herbert Golden, Charles Zohlman, Lexington International, Inc., William Bernbach, Diversifax, Inc., Cemetery Holdings, Inc. and Allan S. Salny, to:

1) Strike, pursuant Rule 39(a) (2) of the Federal Rules of Civil Procedure, plaintiffs' demand for a jury trial as to the first count of the complaint and to transfer the trial of the said first count to the non-jury calendar;

2) To require the plaintiffs to amend the complaint to set forth the names of two parties who ought to be joined and to state why they are omitted, or, in the alternative, to dismiss the complaint (Rule 19(c) of the Federal Rules of Civil Procedure);

3) To require the plaintiffs to provide an undertaking for the payment of costs of the suit, including reasonable attorneys fees, pursuant Section 11(e) of the Securities Act of 1933.

The motion is denied in all respects.

This action is brought under the securities laws, i.e., § 12(2) of the Securities Act of 1933 (15 U.S.C.A. § 77$l$(2) ) (Count 1); § 17(a) of the 1933 Act (15 U.S.C.A. § 77q(a)) (Count 2); and § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78j(b)) and Securities and Exchange Commission Rule 10–B–5 (17 C.F.R. § 240.10B–5) (Count 3). The plaintiffs, twelve in number are allegedly small business investment companies, licensed under the Small Business Investment Act of 1958 (15 U.S.C. A. § 681 et seq.). The transaction complained of involves a loan to defendant,

Cemeteries of America, Inc. by fourteen * of these investment companies in the aggregate principal amount of $350,000.00, each of the investment companies participating in various amounts. In return for the said loan of $350,000.00, the fourteen investment companies received pro rata 8% notes of Cemeteries of America, Inc., due December 28, 1969 aggregating the principal amount of $350,000.-00 and 70,000 warrants to purchase an equal amount of shares of Cemeteries of America, Inc., par value $.70 at $3.50 a share until December 28, 1969. Plaintiffs allege that in early 1962, the defendants caused Cemeteries of America, Inc., to file a registration statement with the Securities and Exchange Commission in connection with a proposed offering of securities of Cemeteries of America, Inc. Before the registration statement was withdrawn and after the shares were apparently deemed non-salable to the public, the defendants initiated negotiations with the plaintiffs for this loan. The plaintiffs further allege that the defendants, by misrepresentations and omissions, both orally and in writing, conspired to induce the plaintiffs to invest $350,000.00 in the securities of Cemeteries of America, Inc., the defendants promising to make a $275,000.00 investment of their own. Plaintiffs claim that the funds provided were used by the defendants to further their own personal interests and that as a result of the fraud of the defendants, the plaintiffs hold worthless warrants and notes of questionable value.

■ The first ground of the defendants' motion is that the first count in the complaint, alleging a violation of Section 12(2) of the Securities Act of 1933, seeks an equitable remedy and that since equitable causes of action are tried by the court alone, the demand for a jury trial on this count must be stricken and the count transferred to the non-jury calendar. Section 12(2) provides that a purchaser under the Securities Act

of 1933 may "sue either at law or equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security." The plaintiffs make such a tender in the complaint and the defendants claim that this means that the plaintiffs seek in effect a rescission of the transaction, a basically equitable remedy.

■ The court feels that the defendants' motion is premature at this early juncture of the case. The plaintiffs are not restricted to the remedies they request in the complaint (Rule 54(c) of the Federal Rules of Civil Procedure; Massachusetts Bonding & Ins. Co. v. State of New York, 259 F.2d 33 (2d Cir. 1958); Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957)) and the plaintiffs may change their position before the trial of this action entitling them to different relief. City of Texarkana v. Arkansas, Louisiana Gas Co., 306 U.S. 188, 59 S.Ct. 448, 83 L.Ed. 598 (1938); see also Rule 15(d) of the Federal Rules of Civil Procedure. The plaintiffs may sell the securities they now hold and seek damages in lieu of recission. Thus, the apparently equitable cause of action alleged in the plaintiffs' complaint may be turned into an action at law triable by a jury. For this reason, the first aspect of the motion is denied.

■ Furthermore, assuming arguendo that the court were to hold this to be an equitable cause of action without any right to a trial by jury, the count would not be stricken and placed on the non-jury calendar. It is the policy of the federal courts to avoid multiplicity of suits (Leonard F. Fellman Co., Inc. v. Smith-Corona Marchant, Inc., D.C., 27 F.R.D. 263 (1961)) and since the issues bearing on the first count are virtually identical with those on counts two and three, the entire complaint should be tried in the same action. See Damsky v.

* Two other parties have not joined in this action.

Zavatt, 289 F.2d 46 (2d Cir. 1961). No prejudice would inure to the defendants by this procedure, for the jury trial issues would be determined in the first instance to avoid any element of collateral estoppel arising with relation to the jury counts. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). To indulge in the procedure the defendants seek to impose would only fragmentize the plaintiffs' claim and cause an unnecessary burden on both the parties and the court.

▪ The second ground of the defendants' motion is to require the plaintiffs to state why they have not joined the two remaining investment companies as plaintiffs in compliance with Rule 19(c). The basic premise of this ground is the defendants' claim that these two outstanding companies are indispensable parties with relation to the first count of the complaint and necessary parties with relation to counts two and three. The twelve plaintiffs herein have joined in this action pursuant Rule 20(a) which permits such joinder as plaintiffs, "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. Rule 20(a) concerns permissive joinder and does not rely on the substantive rights of the parties. Fitch v. Firestone, D.C., 173 F.Supp. 131 (1959). Rule 20(a) is a procedural device designed to promote trial convenience, prevent a multiplicity of suits and expedite the final determination of litigation.

▪▪ The claims of many persons allegedly defrauded in a single course of dealing are several in nature. (See e. g., Citizens Banking Co. v. Monticello State Bank, D.C., 49 F.Supp. 1016, 1021 (1943); see also 3 Moore's Federal Practice 2721) and Rule 19(c) has no application. The Purchase Agreement involved in the instant case declares that the securities acquired were purchases severally. No joint rights are apparent. The plaintiffs' claim for relief arises out of the allegedly tortious conduct of the defendant and does not have its basis in contract rights. The defendants claim that such parties as these possess joint rights and all must be joined as parties. Any authority noted for their position, as Roos v. Texas Co., 2 Cir., 23 F.2d 171 (1927), concerns situations where the right involved sounds in contract. No such situation is present here.

▪ The defendants claim that they will be seriously prejudiced by any judgment rendered in the instant case if the two missing investment companies are not joined. The position that any judgment obtained by these plaintiffs may be used in a collateral manner against these defendants by the said missing companies is without foundation. See Lansburgh & Bro., Inc. v. Clark, 75 U.S.App.D.C. 339, 127 F.2d 331 (1942). Furthermore, the fact that the defendants might be exposed to future suits by the absent investors has no bearing here on the relief requested. Since each claim of the original fourteen investment companies is several, each of them must stand or fall on their own and the defendants may assert separate defenses against each. Oppenheimer v. F. J. Young & Co., Inc., 144 F.2d 387 (2 Cir. 1944). In conclusion, the plaintiffs' claims are based upon tort and they are several. The missing investment companies are neither indispensable for necessary parties. They are proper parties within the meaning of Rule 20(a).

▪ The third ground of the defendants' motion seeks to have the plaintiffs post an undertaking in the aggregate

amount of $25,000 to cover the costs of this suit, including reasonable attorneys' fees, pursuant to Section 11(e) of the Securities Act of 1933 (15 U.S.C.A. § 77k(e) ). The section provides that "in any suit under this or any other section of this title the court may, in its discretion, require an undertaking * * * if the court believes the suit * * * to have been without merit * * * ". The two basic elements of this section are that this is a matter within the proper discretion of the court and that for the motion to succeed the defendant must demonstrate that the suit of the plaintiff is without merit. The defendants have failed to convince the court of the frivolous nature of the action brought against them. The clear rule in this District was enunciated in Lerner v. Ripley Company, Inc., CCH, Federal Securities Law Reporter Current Rulings Decisions, § 91,249 (June 28, 1963) where Judge Metzner stated:

> A determination by a Court in the initial stages of a litigation that a suit is without merit calls for clairvoyance almost impossible to achieve under the federal rules . . . If the lack of merit is so easily demonstrable, the projected cost of the litigation seems highly out of line, especially in view of the amount of recovery sought.

It is the practice to require such a bond in extraordinary circumstances and generally the lack of merit has been demonstrated in prior actions. Dabney v. Alleghany Corp., 164 F.Supp. 28 (S.D. N.Y.1958). Such is not the case here.

The motion is denied in all respects.

So ordered.