**Mona SCOTT, Jerome Scott, Faye Scott, Plaintiffs,**

v.

**Benjamin CONROY, Jr., Defendant.**

**No. 76–496C(3).**

United States District Court,
E. D. Missouri, E. D.

May 11, 1977.

John A. Walsh, Jr., Boas, Schneider & Walsh, Harold L. Whitfield, Whitfield,

Montgomery & Walton, St. Louis, Mo., for plaintiffs.

Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This is a suit arising out of an automobile accident. Plaintiff Mona Scott brought suit for personal injuries and her parents brought suit for medical expenses and loss of services. Both claims alleged negligence and defendant's primary defense was plaintiff's alleged contributory negligence.

From this simple factual situation has arisen an unusual problem. The jury returned a verdict for defendant against Mona Scott and for her parents against defendant. Although each plaintiff had to show damages, the instructions given the jury were substantially identical. Their identity becomes even clearer when it is noted that the parents' proof of damages consisted mostly of medical expenses incurred as a result of their daughter's injuries. The two verdicts are obviously inconsistent.

The Court has before it several motions. Defendant has moved for judgment non obstante veredicto as to the claim of Jerome and Faye Scott. His theory is that the parents' claim was "derivative" from their daughter's and depended upon it for support. The Court does not agree. The two claims are separate. At least before certain amendments to the Federal Rules of Civil Procedure a judgment on one claim would not have been res judicata as to the other. *Cf. Hampton v. Cantrell*, 464 S.W.2d 744 (Mo.App.1971).

Plaintiff Mona Scott has moved for a new trial on the theory that the verdict on her action is inconsistent with the verdict on her parents' action.[1] The problem with both of these motions is that they would require the Court to speculate as to

which was the "true" verdict. The Court may not set aside one verdict and not the other. *Lansburgh & Bro. Inc. v. Clark*, 75 U.S.App.D.C. 339, 127 F.2d 331 (1942). Since the defendant has asked only for judgment n. o. v. on the parents' verdict and Mona Scott has asked only for a new trial in her action, both motions must be denied.

Plaintiffs Jerome and Faye Scott's motions concerning the amount of damages awarded are without merit and will be denied.

1. Mona Scott also objects to the instruction given the jury concerning contributory negligence. This objection has been reviewed by the Court and found to be without merit.